NATA BOB, PLAINTIFF

VS

JOHN ARMSTRONG, ET AL. FILED

DEFENDANTS 2003 OCT 31 P 3:26

NATA BOB #264728
OSBORN C.I. SOMERS,
CT. 06071.

26TH October 2003.

PRISONER CASE NO: 3:02 CV1785 (RNC)

AMMENDMENT MOTION FOR SUMMARY JUDGEMENT
AGAINST DEFENDANT DR. PETER IMMORDINO:
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
56 C, AS THERE ARE NO GENUINE FACTUAL ISSUES
DISPUTED TO VIOLATE THE RIGHT TO A JURY TRIAL, SINCE THE
PURPOSE OF TRIALS IS ONLY TO DECIDE FACTUAL ISSUES
DISPUTED, AND DEFENDANT(S) DID NOT DISPUTE THE
FACTUAL ISSUES THAT PLAINTIFF HAS SERIOUS MEDICAL
NEEDS AND DEFENDANT DR. PETER IMMORDINO DID
NOT PROVIDE HIM WITH HIS SERIOUS MEDICAL TREATMENT
NEEDS, BY REFUSING, DELAYING AND INTERFERING WITH
HIS MEDICAL TREATING IS A PRIMA FACIE EVIDENCE
FOR A CONSTITUTIONAL RIGHT VIOLATION CLAIM SUPPORTED
BY HIS MEDICAL RECORDS AS EXHIBITS AND INTERROGATORY
QUESTIONS AND ANSWERS ALSO TENDERED AS EXHIBITS
See PLAISANCE VS PELPHS, 845 F 2d 107-108 (5TH CIR 1988)
PLAINTIFF, NATA BOB, AN INMATE, IN CONNECTICUT
PROCEEDING PRO SE FILES FOR A SUMMARY JUDGEMENT
AGAINST DEFENDANT(S) DR. PETER IMMORDINO IN HIS
INDIVIDUAL CAPACITY FOR HIS INVOLVEMENT IN THE VIOLATION
OF HIS 8TH AMM. CONSTITUTIONAL RIGHT BY DENYING, DELAYING
AND INTERFERING WITH HIS SERIOUS MEDICAL NEEDS CAUSING
HIM PERMANENT DISABILITY, PHYSICAL LIMITATIONS, DEPENDANT
ON MEDICATION.        FACTS: PLAINTIFF UNDERWENT
TWO (2) SURGICAL PROCEDURES BEFORE HIS ARREST IN APRIL
2000, ON HIS LEFT WRIST (LH). PLAINTIFF'S DOCTORS PRESCRIBED

CELEBREX MEDICATION AND OCCUPATIONAL PHYSICAL THREAPY
FOR HIM - See: EXHIBITS 1ª 1ᴮ 1ᶜ AND 1ᴰ WHICH WERE ALL
PRESENTED TO DEFENDANT AFTER HE WAS ARRESTED AND
COMMITTED TO D.O.C. AT NEW HAVEN.C.C. WHERE DR
PETER IMMORAINO DEFENDANT WAS THE MEDICAL DOCTOR
N CHARGE. PLAINTIFF'S LEFT WRIST INJURIES AGGRAVATED
BY THE CONSTANT HAND CUFFINGS BY D.O.C. OFFICERS
DURING TRANSPORTATION TO AND FROM COURT, CAUSING
SWELLING, INFLAMATION, POOR RANGE OF MOTION AND
SEVER PAIN AND PHYSICAL LIMITATIONS. PLAINTIFF THROUGH
SICK CALL, MEDICAL GRIEVANCE, LEGAL CORRESPONDENCE TO
ILAP. SEEKING HELP TO GET HIS SERIOUS MEDICAL NEEDS
THROUGH ADMINISTRATIVE REMEDIES WHICH ONLY MADE
DEFENDANT MORE DEFIANT TO TREAT PLAINTIFF FOR THE
SIMPLE REASON THAT THE MEDICATION CELEBREX IS
EXPENSIVE D.O.C. WILL NOT BUY IT AND HE WILL NOT
AUTHORISE PLAINTIFF'S FAMILY TO BRING IN THE MEDS
FROM OUTSIDE AND DEFENDANT IS NOT A D.O.C. COST
REVIEW COMMITTEE MEMBER. THIS DELAY, DENIAL AND
INTERFERENCE LASTED FROM APRIL 2000 TO MAY 2001.
DEFENDANT ALSO FAILED TO ORDER XRAYS FOR PLAINTIFF
WRIST (L), FAILED TO PRESCRIBE PHYSICAL THREAPY
AND DEFENDANT ADMITTED HE IS NOT A SPECIALIST
HAND SURGEON BUT FAILED TO REFER PLAINTIFF TO
A HAND SURGEON SPECIALIST FOR MORE CONSULTATION.
DEFENDANT'S UNPROFESSIONAL TREATMENT OF PLAINTIFF'S
SERIOUS MEDICAL NEEDS IS PROOF OF DELIBERATE
INDIFFERENCE A STANDARD OF 8ᵀᴴ AMM. CONSTITUTIONAL
RIGHT VIOLATION - See H.C. BY HEWETT VS JARRAD, 786 F2ᵈ 1080

1083 (11ᵀᴴ Cir. 1986) (Damages Awarded for 3 Days Delay) also a/c the Exhibits Exhibited and Tendered to the Court shows that Defendant Persistently Refused to give Plaintiff His Serious Medical Treatment and Needs. See Ex. Marked 2ᴮ 2ᶜ 2ᴰ and 2ᴱ. Instead of Treating Plaintiff, Defendant Instead put him on Medication which had Negative Side Effects which he was Treated for worsening His Wrist Conditions too. See Ex 2ᴬ. Defendant Also Refused to Refer Plaintiff to a Specialist Hand Surgeon which he is not. See Ex 1ᴴ. Defendant's Continued Refusal to Attend to Plaintiff's Serious Medical Needs Caused Permanent Nerve Damage, Physical Limitation of Wrist, Index Finger Middle Finger Throbbing, Permanent Disability and Permanent Pain and Dependant on Medication for the Relief of Chronic Pain before He was Transferred to Carl Robinson C-1. Where Dr Bianch prescribed him with Medication "Celebrex" and order X rays of His Hand (L. Wrist). If Defendant Had used his Medical Professional Standing This Permanent Injurious Disability Could Have Been Avoided. This is Proof of Defendant's Failour to Act In Good Faith Required By Objective and Subjective Tests. See Ex 1D: Ref: Kaminsky Vs Roseblum, 292 F2d, 922, 927 (2ⁿᵈ Cir 1991), Payne Vs Lynaugh, 843 F2d 177-178-79 (5ᵀᴴ Cir 1988) See Also Arnold on Behalf of M.B. Vs Lewis, 803 F Supp 246, 257 (D of Arizona 1992). Defendant's Failour to use his Professional Ethics Acted upon His

OWN INDIVIDUAL CAPACITY BY DENYING, DELAYING AND
INTEFERING WITH PLAINTIFF'S SERIOUS MEDICAL NEEDS
WHICH MEETS THE DELIBERATE INDIFFERENCE STANDARDS.
SEE EX 1H. AND 2X II FOR THE SIMPLE REASON THAT THE
MEDICATION IS EXPENSIVE, DOC WILL NOT BUY IT,
AND WILL NOT AUTHORISE PLAINTIFF'S FAMILY TO BUY
AND BRING THE MEDICATION TO THE PRISON. SEE:
KNOP VS JOHNSON, 667 F SUPP 512 - 524 - 25 (WD MICH 1987)
SEE ALSO INTERROGATORY QUESTIONS AND ANSWERS EX 1F
AND 1G. DEFENDANT ALSO ACTED IN DELIBERATE INDIFFERENCE
BY NOT REFERING PLAINTIFF TO AN EXPERT SPECIALIST HAND
SURGEON WHEN HE KNEW HE IS NOT ONE AND PLAINTIFF'S
SWELLING INFLAMES INFLAMED WRIST INABILITY TO
FOLD HIS, AND FAILOUR TO ORDER X RAYS ARE
SYMPTOMS WHICH REQUIRE SPECIAL ATTENTION AND
X RAYS OR M.R.I. SEE ESTELLE VS GAMBLE, 429 US 97,
104 (1976) SEE HATHAWAY VS COUGHLIN, 37 F 3d, 63, 66 (2nd
CIR 1994) SEE CHANCE VS ARMSTRONG, 143 F 3d, 698, 702 - 04
(2nd CIR 1998) DEFENDANT(S) ACTED IN DELIBERATE INDIFFER-
ENCE BY DISREGARDING PLAINTIFF'S SERIOUS MEDICAL NEEDS
WHICH AMOUNTED TO AN 8TH AMM. CONSTITUTIONAL RIGHT
VIOLATION SEE WHITE VS NAPOLEON - 897 F 2nd 103 - 109 (3rd
CIR 1990). RELYING UPON THESE FACTS UNDISPUTED BY THE
DEFENDANT(S) SUPPORTED BY PLAINTIFF'S MEDICAL RECORDS
AND EXHIBITS TENDERED TO THE COURT BY PLAINTIFF,
SUBSTANTIATED BY LAWS, PLAINTIFF REQUESTS THE
COURT TO RULE IN HIS FAVOUR AGAINST DEFENDANT, DR.
PETER IMMORDINO IN THIS MATTER FOR HIS INDIVIDUAL
INVOLVEMENT (PERSONAL) IN VIOLATING HIS 8TH AMM. CONST.

RIGHT BY ACTING IN DELIBERATE INDIFFERENCE, See
TILLERY VS OWENS, 719 F SUPP 1256 -1307, (W.D. PA 1989),
AFF'D 907 F 2d 418 (3rd CIR 1990) See also TILLERY VS OWENS
719 F SUPP AT 1306-1308, "CITING CRUSOR", FAILOUR TO
REFER PLAINTIFF TO SPECIALIST HAND SURGEON See
MULTIER VS BEFORN, 896 F 2d 484, 853 (4th CIR 1990),
See Also MEDCALF VS STATE OF KANSAS, 676, 1179, 1183 (D OF
KANSAS 1986) See WEAVER VS JARVIS, 611, F SUPP, 40-44
(N.D. GA 1985) See Ex 1b, REF= LAFUT VS SMITH, 834, F 2d
389, 393 -94 (4th 1987)
IN CONCLUSION, UNDER FEDERAL LAW, PERSONAL
INVOLVEMENT OF DEFENDANT IN AN ALLEDGED
CONSTITUTIONAL RIGHT VIOLATION, DEPRIVATION IS A
PRE REQUISITE TO AN AWARD OF DAMAGES, UNDER
42 USC § 1983 See RIGHT VS SMITH, 21, F 3d, 496 -
500 (2nd CIR 1994).

                    Respectfully Submitted By
                    PLAINTIFF NATA BOB

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT THE FORGOING MAIL
HAD BEEN MAILED TO ATTY MICHAEL J. LANOUE
ASST. ATTNY,
AT
110 SHERMAN ST
HARTFORD, CT. 06105
ON THE 29th DAY OF October 2003.

BY PLAINTIFF
NATA BOB

Sign Nata Bob

CELEBREX MED

# C.R.C.I.

CN9602
1/94

## CONNECTICUT DEPARTMENT OF CORRECTION
### INMATE REQUEST FORM

FROM NATA BOB                          INMATE NUMBER 264728

WORK ASSIGNMENT _____          LIVING QUARTERS 3B 96

SUBMITTED TO DR. BIANCHI                  DATE 27ᵗ May 2001

REQUEST: The medication you put me on is helping me well but I discovered that my little finger and ring fingers are the only sensitive finger to my wrist (left) the middle finger the index and the Thumbs do not have sensitivity like when I lay on my hand for a while and my hand gets numb on the left side of my left hand gets the feeling of numbness but I am still exercing as advised I would like to see you for a follow up.

PREVIOUS ACTION TAKEN: _____

RECEIVED BY: _____ DATE RECEIVED: _____

ACTION TAKEN AND /OR RESPONSE   Come to sic call

DATE RESPONDING   6/3/01

SIGNATURE OF STAFF MEMBER RESPONDING   Medical

STATE MEDICAL CENTER
PO BOX 310912
NEWINGTON, CT
888 271-8662

4/10/00

06131-0912

PAGE NO.
1

HOSP.NO.
011

| TYPE OF BILL | DATE OF BILL | DATE OF PREV. BILL |
|---|---|---|
| CYCLE OUTP. | 04/18/00 | |

| P | Z | PATIENT NAME | PATIENT NUMBER | SEX | AGE | ADMISSION DATE | DISCHARGE DATE | DAYS |
|---|---|---|---|---|---|---|---|---|
| BOB , NATA | | | 40864879 | M | 45 | 04/10/00 | | |

GUARANTOR NAME AND ADDRESS

NATA BOB
2055 VALENTINE AVE
BRONX,NY 10457

| C.O.B. | INSURANCE COMPANY NAME | GROUP NUMBER | POLICY NUMBER |
|---|---|---|---|
| | | | |

## PLEASE RETURN THIS PORTION WITH YOUR PAYMENT

AMOUNT OF PAYMENT  $

| DATE OF SERVICE | DESCRIPTION OF HOSPITAL SERVICES | SERVICE CODE | TOTAL CHARGES | EST. COVERAGE INS. CO. NO. 1 | EST. COVERAGE INS. CO. NO. 2 | EST. COVERAGE INS. CO. NO. 3 | EST. COVERAGE INS. CO. NO. 4 | PATIENT AMOUNT |
|---|---|---|---|---|---|---|---|---|
| DETAIL OF CURRENT CHARGES, PAYMENTS AND ADJUSTMENTS | | | | | | | | |
| 4/10 | ACETAMN TAB 325M | 64020746 | 1.65 | | | | | |
| 4/10 | NON EMERGENT 2 | 91011023 | 80.00 | | | | | 1.65 |
| 4/11 | CELECOXIB 200MG | 64097165 | 21.40 | | | | | 80.00 |
| 4/11 | CELECOXIB 200MG | 64097165 | 10.70 | | | | | 21.40 |
| | | | | | | | | 10.70 |
| BALANCE FORWARD | | | 0.00 | | | | | |
| SUMMARY OF CURRENT CHARGES | | | | | | | | |
| | PHARMACY | 250 | 33.75 | | | | | 33.75 |
| | EMERGENCY DEPT | 450 | 80.00 | | | | | 80.00 |
| SUB-TOTAL OF CURR. CHARGES | | | 113.75 | | | | | 113.75 |

THIS IS A SUMMARY OF YOUR HOSPITAL CHARGES.  WE
HAVE BILLED YOUR INSURANCE IF YOU HAVE GIVEN US
THAT INFORMATION.  'PAY THIS AMOUNT' IS WHAT WE
ESTIMATE YOU OWE AT THIS TIME. UNTIL INSURANCE HAS
PAID WE ARE NOT ABLE TO GIVE YOU THE FINAL AMOUNT
DUE. FOR FURTHER INFORMATION CALL 888-271-8662.

| TOTALS | 113.75 | 113.75 |
|---|---|---|

| PATIENT NUMBER | PLEASE REFER TO PATIENT NUMBER ON ALL INQUIRIES AND CORRESPONDENCE. | ADDITIONAL PATIENT BILLING MAY BE NECESSARY FOR ANY CHARGES NOT POSTED WHEN THIS BILL WAS PREPARED, OR IF INSURANCE CARRIERS DO NOT PAY ANY PART OF THE AMOUNTS SHOWN UNDER ESTIMATED INSURANCE COVERAGE. | PAY THIS AMOUNT | 113.75 |
|---|---|---|---|---|
| 40864878 | | | | |

STATE MEDICAL CENTER
INGTON, CT

COMM. JOURNAL ***** DATE NOV-14-2000 ***** TIME 11:29 *********

MODE = MEMORY TRANSMISSION          START=NOV-14 11:24    END=NOV-14 11:29

FILE NO.=422

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---------|-------|----------|----------------------|-------|----------|
| 001 | 634 | ☎ | 98602461119 | 000/001 | 00:00:00 |

*************************************** -          - ***** -          - *********

(860) 246-1119

DATE: 06/02/00          SHERRY HUSNEY OTR/L     REF: KULICK, ROY MD
ACCT#: 5227                                     PCP:
NAME: NATA BOB                                  INS: ORISKE INS CO

EVAL & F/U VISITS                   MODALITIES - ALL CARRIERS
*****************************************************************************

| | | |
|---|---|---|
| OT EVAL  97003 [] | MYOFASCIAL REL./STM  97250 [] | JT MOBILIZATION 97265 [] |
| USHC 30  97700 [] | MANUAL THERAPY TECH  97140 [] | THERAPEUTIC EX. 97110 [X] |
| USHC 15  97701 [] | NEUROMUSCULAR RE-ED  97112 [] | SELF CARE / ADL 97535 [] |
| 1199     97110 [] | HOT/COLD PACK  97010 [] | DYNAMIC ACT.  97530 [] |
| GHI      97110 [] | WHIRLPOOL  97022 [] | CONTRAST BATH  97034 [] |
| PHYS PER 97750 [] | VASOPNEUMATIC DEVICES  97016 [] | ELECTRIC STM.  97014 [] |
| | IONTOPHORESIS  97033 [] | ULTRASOUND  97035 [] |
| RE-EVALUATION | HOME EXERCISE PRGM  97139 [] | PARAFFIN BATH  97018 [X] |
| | DEVELOP. COG SKILLS  97770 [] | ORTHO TRNG/SPLT  97504 [] |
| RE-EVAL  97004 [X] | BIOFEEDBACK TRAINING  90901 [] | |
| | DME: _____ | WOUND CARE SIM. 11040 [] |
| | _____ [] | NAIL DEB.  11720 [] |
| | DME: _____ [] | |

*****************************************************************************
CONDITION & PROGRESS

semmes (sensation) monofilament - 3.61 - diminished
light touch over ii digit dorsal surface. Otherwise sensation
is intact in the hand.
Wrist ext = 5/5, but pt notes pain @ dorsal wrist crease.
Wrist flexion = 5/5, 5 pain
L grip = 65/60/55    R grip = 90/85/75 - Pt is R hand dominant
Pt notes throbbing sensation c power gripin' L.
ROM  df = 60, VF = 50° c "pulling" sensation noted by pt beyond
     40° dF.           Pt is R hand dominant
3 pt pinch = 12/10/11 lbs  - 23/22/22
2 pt pinch = 9/11/11 lbs    13/14/11
Lat pinch = 9/11/11 lbs    29/31/31
elbow r = 5/5   ext = 5/5
shoulder FE = 5/5 - limited by occasional shoulder pain', ABD = 5/5
Recommend use of wrist support for heavy work, i continue
c̄ strengthening j

OT SIGNATURE:  Bw   / Sweeney OTR/L

DIAGNOSIS: 959.3     (2) _____   (3) _____   (4) _____

$ 0.00   CASH      CHECK     METHOD OF PAYMENT: ( ) CHECK  ( ) CASH

INITIALS: _____

DF #

**YAO LEONARD KALEDZI, M.D.**
3065 Grand Concourse
(Entrance on 204th Street)
Bronx, NY 10468
(718) 220-0900   Fax: (718) 733-6773

Name _Nata BOB_

Address _____ Date _1/22/00_

℞ (Please Print)

P̄t Lt wrist haw
→ forearm x3 wkly
(bruise)

_____, M.D.

THIS PRESCRIPTION WILL BE FILLED GENERICALLY
UNLESS PRESCRIBER WRITES "d a w" IN THE BOX BELOW.

☐ Label    *Yao L. Kaledzi*
Refill ____  *3065 Grand Concourse*
☐ PRN   ☐ NR   *Bronx, NY 10468*
                          Dispense As Written

# OKYENIBA CLINIC

58,EAST KINGSBRIDGE ROAD
BRONX NY 10468
(718) 295-8243  (718) 295-8773
FAX # 718- 584-3805

---

To Whom it May Concern

Mr. Nata... was examined and treated by me on 5/22/00 for dyspepsia and Arthralgia Lt wrist. Patient is on Celebrex

200 7 daily

SAMUEL K. MENSAH M.D.
58 E KINGSBRIDGE RD
BRONX NY 10468
LIC #144315

5/22/00

# Inmate Grievance Form A, Level 1

**Connecticut Department of Correction**

NOV 16 2000

CN 9
7

| Inmate name | | Inmate no. |
|---|---|---|
| Facility | Housing unit | Date |

☐ Line grievance    ☐ Line emergency    ☑ Health grievance    ☐ Health emergency

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

3. Action requested. Describe what action you want taken to remedy the grievance.

Inmate signature

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

| IGP no. | | T no. | |
|---|---|---|---|
| Date received | Disposition | | Date of disposition |
| Grievance issue | | | |
| Reasons | | | |

Level-1 reviewer

*MAIL GRIEVANCE*

## Inmate Grievance Form A, Level 1
### Connecticut Department of Correction

CN 9-
7.

Inmate name *NATA POUL*  Inmate no. *264 728*

Facility *NHCCC*  Housing unit *GSU*  Date *2/11/01*

☑ Line grievance  ☐ Line emergency  ☐ Health grievance  ☐ Health emergenc

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

   *I had made a request through Counselor Morgan about my mail and she refered me to Cpt Santiago I made a request*

   *(but no reply)*

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

   *Since April 2000 my mails hadnt been reaching their destinations and they arent returned to me latest on is a letter dated 11/11 on the 7th Feb I made a legal call and they told me they've not recieved it an I made mail never or what?*

   *I told ms Morgan I fear this letter will not get to its destination*

3. Action requested. Describe what action you want taken to remedy the grievance.

   *I just want to know where my mails are and whether I am under mail review*

Inmate signature *Nata Poul*

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no.  122-01-025  T no.

Date received 02-13-01  Disposition Upheld  Date of disposition 3-06-01

Grievance issue  Mail

Reasons  *Legal Mail was bought about to destination*

Level-1 reviewer  *Dr. B C*

NOV 16 2000

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9
7

Inmate name _Nate Holt_                                    Inmate no. _____

Facility _NHCC_                    Housing unit _____    Date _____

☐ Line grievance    ☐ Line emergency    ☑ Health grievance    ☐ Health emergenc

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

_The doctor prescribed medication told me my medication is expensive the facility will not buy it and can't reorder my medication brought in by my family, just when I am not having it_

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

_Between 11th to April and 9 May and between Jun 11 and October I seen by Peter Mermel concerning my med left and skin disorder that I can't get any treatment to satisfactory to my doctor_

3. Action requested. Describe what action you want taken to remedy the grievance.

_why the facility will not provide me proper_

Inmate signature _Nate Holt_

**You may appeal this decision within 5 days. Use Inmate Grievance Form B.**

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no. _063_                                    T no. _____

Date received _11/14/00_    Disposition _Denied_    Date of disposition _11/14/00_

Grievance issue _medication_

Reasons
_Admitted 4/11 seen by MD 5/1_
_Admitted 6/17 seen by infectious disease MD 7/20, 7/9 8/3_
_seen by regular MD 7/26, 8/31, 9/1, 10/23_
_4th naprosyn given 5/1 motrin given 7/10 bareaus storage of motrin given up MD wanted to give you other_

Level-1 reviewer _G. Dooley rn_

_medication he could have requested that it be approved for ordering, he has not done this. The only complaint from you regarding your medication is from they you complained naprosyn was not working because you needed to take Tylenol_

**LAW OFFICES**
**OF**
**SYDNEY T. SCHULMAN**

<u>Administrative Director</u>
Sydney T. Schulman, Esq.

<u>Managing Attorney</u>
Jane Starkowski

**INMATES' LEGAL ASSISTANCE PROGRAM**

<u>Staff Attorneys</u>
Richard P. Cahill
Peter Downs
Jessica J. York
La-Tanya J. Mansfield
Ellen J. Downing

October 27, 2000

Bob Nata
Inmate #264728
New Haven CC
245 Whalley Avenue
New Haven, CT 06530

Dear Mr. Nata:

This correspondence will acknowledge receipt of your October 10th letter which arrived at ILAP on October 18, 2000.

Within the subject letter, you wrote that you had been incarcerated from April 11 to May 19 and June 7th to the present time. You indicated that you were admitted with personal medication on person. Although you were informed that you would be examined by the institutional physician, scheduled appointments were cancelled. When you did see the doctor, you were informed that you will not receive your pre-incarceration medication because it is too costly. You requested that the doctor authorize your family to bring in your medication but the physician said no.

In the interval between your release and readmission to the DOC System, you saw your personal physician who provided you with documentation to substantiate your medical issues upon readmission. You also wrote that you had addressed correspondence to your doctors in New York but allegedly they never received the letters.

Your medical treatment issues focus upon an unidentified skin condition which requires special soap. You claimed that you witnessed other inmates with similar dermatological conditions receive prescribed soap but your were never ordered same. You wrote that your hand is healing with a possible deformity and you experience pain.

As follow-up to your letter, on October 26, 2000, I contacted New Haven CC Deputy Warden Jones. I expressed my concerns to him relative to your medical care. DW Jones advised me that he would look into the matter and get back to me. Shortly, thereafter, he called to tell me that you had been seen by the institutional physician on August 31 and September 7, 2000. I was informed that you would be seen by the doctor on Friday, October 27, 2000.

Mr. Nata, I am ready, willing and able to review your medical records to ascertain if you have received adequate medical treatment at NHCC. Due to the confidential nature of physician-patient privilege, the medical staff is precluded from divulging anything relative to your treatment and/or diagnosis. I must have your express, written permission to access and review of your medical file. Thus, I have enclosed a medical release authorization. If you elect to have me review your medical records, please insert your initials in the areas designated with a "√" mark. Remember to have an institutional representative witness your signature. Return the completed release to me at your earliest convenience. Post receipt of your release, I will request your medical records from John Botti, Program Manager at UCONN Correctional Managed Health Care. I ask that you exercise patience since it usually takes four (4) to five (5) weeks to receive a medical file. Post receipt and review of your medical file, I will communicate my findings to you.

It would also be most helpful if you provided a brief, factual account of what happened to you prior to your incarceration. This summary should include your diagnoses, as well as any surgical procedures and medications prescribed. Remember I cannot request, access and review your medical file until I receive your completed, signed and witnessed medical release authorization.

In the meantime, document your efforts to obtain medical treatment. Sign up for sick call. If all else fails, file a medical grievance.

Stay well.

Very truly yours,

Jane Starkowski
Managing Attorney

JS:cf

ATTACHMENT B

CONNECTICUT DEPARTMENT OF CORRECTION

NOV 1 6 2000

BY:................

INMATE REQUEST FORM

BED# 54    NHCCC

Facility/Unit _____    Date 5/11/2000

Inmate Name NATA Boo    Number 264,728

Request Mann,    LEGAL MAIL INQUIRY.

Please inquire for me why since

Your April to May 19 and 7 of June to November

my mails are not reaching their

(continue on back if necessary)

Previous Action Taken destinations except you mailed

teller.    PTO

_____

(continue on back if necessary)

Submitted to _____    Date Received _____

Acted on by _____

Action Taken and/or Response

Write to Captain Santiago 3rd shift

about mail problems

(continue on back if necessary)

Date of Response to Inmate _____

Signature of Staff Member 11/06/01 V Mayhew

Mish Zare

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATA BOB | : | PRISONER<br>CIVIL NO. 3:02CV1785 (RNC)(DFM) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | JULY 3, 2003 |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES

A.  Name, education, occupation, Department, rank and responsibility.

John Armstrong.  See attached.  Former Commissioner of Correction responsible for the overall operation of the Department of Correction.

Dr. Peter Immordino.  Physician/Surgeon.  Contract physician for the Department of Correction. Provides appropriate medical care to inmates as deemed necessary.

Fred Levesque.  Director of Offender Classification and Population Management.  Responsible for population and classification issues regarding the inmate population.

Captain Santiago.  Captain for the Department of Correction.  Provides supervision of line officers on safety, security and operational issues.  Performs other related correctional functions.

REPORT TO YOU?

JOHN ARMSTRONG DOES YOUR SUBORDINATES REPORT TO YOU? DOES YOUR SUBORDINATES HAVE DISCRETIONARY OPTIONS? DOES YOUR DEPARTMENT HAVE THE SAME MEANS OF TRANSPORT FOR HANDICAPPED AND NON HANDICAPPED PRISONERS? DO DOCTORS HAVE THE RIGHTS TO DENY PRISONER'S THE MEDICAL TREATMENT WHICH GIVES RELIEF FROM THEIR PAIN?

LIST OF DOCUMENTS AND EQUIPMENTS.

INMATE NAMES -: NATA BOB #264728 -. (1) ALL INTER PRISONS TRAVEL LOGSHEETS AND COURT TRIPS LOGSHEETS FROM -: NHCCC. APRIL 11TH 2000 - MARCH 2001; C.R.C.I. MARCH 2001- MAY 2002, HCCC MAY 2002 - JUNE 2002, OSBORN C.I. JUNE 2002 - MAY 29TH 2003.

NOTE -: ALL DOCUMENTS REQUESTED ARE WITHIN THE DATES MENTIONED ABOVE- (II) NHCC LEGAL MAIL LOG BOOK CRCI LEGAL MAIL LOG BOOK, HCCC LEGAL MAIL LOG BOOK OSBORN LEGAL MAIL LOG BOOK. (III) NHCC SICK CALL BOOK, CRCI SICK CALL BOOK; HCCC SICK CALL BOOK AND OSBORN C.I. SICK CALL BOOK.; HANDCUFFS AND BLACK BOXES, LEG IRONS AND BELLY CHAINS AND SURVEILLIANCE (CAMERS) OF PRISONER MOVENTS FROM BULLPEN TO TRANPERT AND FROM TRANSPORT TO BULL PEN FOR THE DATES' TRIPS LIST -ED ABOVE.

YOURS TRULY PLAINTIFF
NATA BOB
Nata Bob

TO -: Attorny
MICHAEL LANONE
110 Sherman ST
HARTFORD CT. 06105

NATA BOB

v

JOHN J. ARMSTRONG, et al.

NATA BOB #364728 IC
OSBORN C.I.
SOMERS CT. 06071
30TH MAY 2003.

CASE № 3:02 CV 1785 (RNC)(DEM)

DISCOVERY REQUEST PURSUANT TO RULES 26-37, F.R.C.P.

PURSUANT TO THE ABOVE RULES, PLAINTIFF REQUESTS THE DEFENDANTS TO PROVIDE HIM WITH ANSWERS, DOCUMENTS AND INFORMATIONS TO FACILITATE IN THE PROCEEDINGS -: QUESTIONS -: NAMES, EDUCATION, OCCUPATION, DEPARTMENT, RANK AND RESPONSIBILITY? See Attached for All

DR PETER TIMORAINI, DO YOU ACT IN YOUR OFFICIAL OR INDIVIDUAL CAPACITY AS AN EMPLOYEE OF D.O.C.? AS A DOCTOR IS IT YOUR RESPONSIBILITY TO DENY A PRISONER PATIENT THE MEDICAL TREATMENT WHICH GIVES HIM RELIEF? IS IT YOUR RESPONSIBILITY TO FILL IN NON-FORMULAR PRESCRIPTIONS? ARE YOU INCHARGE OF RECOMENDING PATIENT TREATMENT, DIAGNOSIS. HOW MANY PATIENTS DID YOU DENY THEIR PREINCARCERATED MEDICAL TREATMENT. ARE YOU A HAND SURGEON?

CAPTAIN SANTIAGO. DO YOU ACT IN YOUR OFFICIAL OR AND INDIVIDUAL CAPACITY AS CAPTAIN? IS A PROCEDURE TO WITHOLD, DELAY AN INMATE'S MAIL WITHOUT HIS CONSENT. WHEN SHOULD IN INMATE'S MAIL BE HELD, DELAYED OR AND REVIEWED. IS IT A PROCEDURE NOT TO RESPOND TO INMATE REQUEST?

FRED LEVESQUE DO YOU ACT IN YOUR OFFICIAL OR INDIVIDUAL CAPACITY AS D.O.C. EMPLOYEE? DO YOU HAVE THE SAME MEANS OF TRANSPORTATION FOR HANDICAPPED AND NON HANDICAPPED INMATES. ARE YOU RESPONSIBLE FOR THE MOVEMENTS OF INMATES? DOES YOUR SUBORDINATES

(3)

TRIP LOG SHEETS FROM PRISON TO PRISON TRANSFER

NEW HAVEN, WHALLY AVE C.C.C. *See Attached* TO CARL ROBINSON
    YEAR 2001.
FROM - CARL ROBINSON C.I. TO HARTFORD C C C
    YEAR 2002.
                FROM HARTFORD C C C TO OSBORN C.I.
YEAR 2002. FROM SOMERS/OSBORN C.I. TO M.Y.I.
    YEAR 2002

        COURT TRIPS FROM - CARL ROBINSON CI
TO NEW HAVEN SUPERIOR COURT 2001, FROM CRCI
TO MERIDEN SUPERIOR COURT IN 2001 - 2002, FROM
HARTFORD C.C.C. TO 54 MAIN STREET, HARTFORD
FEDERAL COURT. IN 2002.
            *See Attached*
    MAIL   LOG BOOKS (LEGAL)
NEW HAVEN C.CC LEGAL MAIL LOG BOOK FROM
    APRIL 2000 TO MARCH 2001.
            *See Attached*
CARL ROBINSON LEGAL MAIL LOG BOOK FROM
MARCH 2001 - MAY 30TH 2002.

HARTFORD C C C LEGAL MAIL LOG BOOK FROM MAY -
JUNE 2002.

    FROM JUNE   OSBORN/SOMERS LEGAL MAIL LOG BOOK
FROM JUNE 2002 TO APRIL 2003.

        EQUIPMENTS -
HAND CUFFS AND BLACK BOXES
BELLY CHAINS, LEG IRONS / SHACKLES.
        SURVELLIANCE CAMERAS OF PRISONERS
    (MOVING) MOVEMENTS FROM DETENTION TO
TRANSPORTATION FROM PRISON TO PRISON
FROM MARCH 2002 TO APRIL 2003 OF PRISONER
    NATA S. BOB # 267228
    *See Attached* RESPECTFULLY SUBMITTED &
            PLAINTIFF, NATA BOB
                Nata S Bob

BOB
OSBORN C-1, SOMERS.
CT. 06071
24 TH APRIL 2003

NATA   BOB
Vs.

JOHN J. ARMSTRONG, ET AL

PRISONER DOCKET # 3:02   CV 1785
(RNC) (DFM)

MOTION FOR DISCOVERY : INTERROGATORY RULES: 26-37

PURSUANT TO F.R.C.P. RULES 26-37, PLAINTIF REQUESTS THE
DEFENDANTS TO ANSWER THE FOLLOWING QUESTIONS AND TO
SUPPLY HIM THROUGH THE COURT THE DOCUMENTS AND
EQUIPMENTS TO FACILITATE IN THE PRESENTATION OF HIS
CASE IN THE INTEREST OF JUSTICE.
QUESTIONS — ① NAMES, OCCUPATION, RANK, RESPONSIBILITY
AND EDUCATION.

② COMMISSIONER?
IS IT YOUR DEPARTMENT'S ADMINISTRATIVE PROCEDURES FOR
DOCTORS TO DENY PRISONER PATIENTS THE MEDICATION
WHICH GIVES THEM RELIEF FROM PAIN?
                    See Attached

③) IS IT AMONG YOUR DEPARTMENT'S ADMINISTRATIVE PROCEDURES
   FOR DOCTORS TO FILL IN NON FORMULAR MEDICATION
PRESCRIPTIONS FOR PRISONER PATIENTS.?
                    See Attached

④) IS IT AMONG YOUR DEPARTMENT'S ADMINISTRATIVE
   PROCEDURES FOR DOCTORS TO DENY PRISONER PATIENTS
THEIR PRE INCARCERATED PRESCRIPTIONS AND MEDICAL
TREATMENTS?
                    See Attached

⑤) HOW MANY PRISONER PATIENTS DID YOUR DEPARTMENT DENY
THEIR PRE INCARCERATION MEDICAL TREATMENTS?
                    See Attached

⑥) WHEN IS A PRISONERS LEGAL MAIL SUBJECT TO
WITHOLDING, REFUSAL TO POSTAGE AND REVIEW?
                    See Attached

⑦) IS IT YOUR DEPARTMENTS PROCEDURES TO REFUSE AN
   INMATE POSTAGE OF HIS/HER LEGAL /PERSONAL
REGULAR MAIL(S) WITHOUT HIS/HER NOTICE?
                    See Attached

⑧) DOES YOUR DEPT EMPLOYEES HAVE DISCRETIONARY OPTIONS?
                    See Attached

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATA BOB | : | PRISONER<br>CIVIL NO. 3:02CV1785 (RNC)(DFM) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | JUNE 27, 2003 |

## DEFENDANT, JOHN ARMSTRONG'S, RESPONSES TO PLAINTIFF'S INTERROGATORIES

1.   See attached Exhibit A.

2.   It is the Department's policy to provide appropriate medical care consistent with the need to ensure public safety and security.

3.   It is the Department's policy to provide appropriate medication. If the Utilization Review Committee believes a non-formulary medication is necessary and appropriate, such medication would be provided.

4.   It is the Department's policy to provide appropriate medical attention to persons who are incarcerated, consistent with the need for safety and security. What is appropriate and proper prior to incarceration may or may not be deemed appropriate after incarceration as determined by licensed medical professionals.

5.   I have no information to respond to this question.

6.   See Administrative Directive 10.7

7.   See Administrative Directive 10.7

8a. When appropriate, yes

8.   See Administrative Directive 6.4, Section 17B

9.      Yes, when and if determined necessary by medical professionals and consistent with safety and security.

10.     When appropriate, yes.


I have read the foregoing responses to plaintiff's request for discovery and they are true and accurate to the best of my knowledge and belief.

_____
John J. Armstrong

Subscribed and sworn to before me this  30  day of  June  2003.


_____
Commissioner of the Superior Court /
Notary Public

2

*Ex /H*

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | | PRISONER |
| NATA BOB | : | CIVIL NO. 3:02CV1785 (RNC)(DFM) |
| v. | : | |
| JOHN J. ARMSTRONG, ET AL. | : | JUNE 24, 2003 |

### DEFENDANT IMMORDINO'S RESPONSES TO
### PLAINTIFF'S MOTION FOR DISCOVERY – INTERROGATORY
### DATED APRIL 24, 2003

A.    A non-formulary form is used by a Department of Correction physician to request a non-formulary medication if the physician deems it an appropriate request. This form is submitted to the Utilization Review Committee for the Department of Correction. . *I do not approve cost of treatment. Utilization Review*

B.    Medical treatment which requires care for an inmate outside of a facility is approved by the Utilization Review Committee. Medical treatment is general provided within a correctional facility to inmates without anyone approving the cost except to the extent that the Department's budget is approved by the General Assembly.

C.    Yes. All doctors have the responsibility of making their own determination of the appropriate medication for a patient at the time of treatment.

D.    I am a surgeon. I am not a hand specialist.

I have read the foregoing and it is all true and accurate to the best of my knowledge and belief.

_Peter A. Immordino_
Peter A. Immordino, M.D.

Subscribed and sworn to before me this 25th day of June 2003.

_Michael J. Lanoue_
Michael J. Lanoue
Commissioner of the Superior Court

2

Dr. Immordino's response

1. Individual capacity and official capacity are legal distinctions. It is my understanding that the performance of my professional duties I act in my official capacity.

2. It is my responsibility to provide medical treatment that is appropriate.

3. No.

4. Yes, as appropriate.

5. I have no way of knowing. ~~Each~~ patient is an individual case. See #2 above.

6. No, I am a surgeon, however.

I have read the foregoing and the answers are true to the best of my knowledge they are true.

_____ Peter A. Immordino _____

Sworn and subscribed to before me this 25th day of June, 2003

_____ Michael J. Luna _____