# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
## PRISONER CIVIL CASE, No: 3:02 CV 1785 (RNC)(DFM)

DEC 16 2003

FILED

2004 JAN 21 P 4:17

US DISTRICT COURT
BRIDGEPORT CT

NATA BOB

V.

JOHN ARMSTRONG, et al.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO OPPOSE DEFENDANT(S) MOTION FOR SUMMARY JUDGEMENT.

### INTRODUCTION :-

PLAINTIFF, NATA BOB, AN INMATE IN CONNECTICUT NOW HOUSED AT 160 ELM ST. GREENFIELD, MA 01301, WHO STILL ALLEDGES THAT DEFENDENT(S) DR PETER IMMORAINO AND CAPTAIN SANTIAGO VIOLATED HIS 8TH AMM CONST. CIVIL RIGHTS BY (1) NOT DENYING HIS SERIOUS MEDICAL NEEDS BUT REFUSES TO PROVIDE HIM WITH HIS SERIOUS MEDICAL NEEDS

(2) CAPTAIN SANTIAGO INTENTIONALLY AND DELIBERATELY INTERFERED AND TAMPERED WITH HIS LEGAL MAIL CONTAINING HIS MEDICAL RECORDS BY REFUSING TO RESPOND/REPLY TO HIS REQUEST COMPLAINT ABOUT HIS MAIL IN STATUTORY TIME LIMIT AND REFUSED TO RESPOND AT ALL IN VIOLATION OF ADM. DIR. 10.7, DENYING HIM THE RIGHT(S) TO WRITE AND RECEIVE LETTERS AND TO REDRESS HIS MEDICAL SERIOUS NEEDS. PLAINTIFF ALSO REFER TO COURT'S RULING

ON DEFENDANT'S MOTION TO DISMISS THAT THIS CASE IS A SUIT AGAINST DEFENDANTS IN THEIR PERSONAL AND OR INDIVIDUAL CAPACITIES AND ON IN THEIR OFFICIAL CAPACITIES, AND THE PLAINTIFF'S MATERIAL FACTS IN SUPPORT FOR HIS MOTION TO OPPOSE THE DEFENDANTS MOTION FOR A SUMMARY JUDGEMENT.

ARGUMENT - PLAINTIFF FILED NOT ONLY IDENTICAL CLAIM BUT IT IS THE SAME CLAIM, DUE TO THE CLAIM'S COMMISSIONER'S BIAS, PREJUDICIAL AND ABUSE OF DISCRETION IN DENYING PLAINTIFF'S CLAIM BY DISREGARDING HIS MEDICAL RECORDS AND RELYING ON TESTIMONIES OF DR EDWARD BLANCHETTE AND DR IMMOROINO WHO ARE NOT SPECIALIST HAND SURGEON AND OR WITH NO LEGAL BINDINGS TO DO SO THE WEAKEST STANDARD TO ADJUDICATE A CASE SEE EXHIBITS DISREGARDED BY CLAIM'S COMM. REF - DISCRETIONARY DECISION MUST BE BASED UPON SOUND LEGAL PRINCIPLES - SEE STEIN HOUSE VS ASHCROFT 3:02 CV 809 (SRU) FEB. 27TH 2003. D.CONN. APPEAL WITHDRAWN BY GOVERNMENT. FURTHERMORE PLAINTIFF WAS TOLD BY PRESIDING CLAIM'S COMMISSIONER AT HEARING THAT IF HE TELLS DR BANCHETTE HIS ANSWERS ARE RIDICULUS HE WILL DENY THE CLAIM AND PLAINTIFF SHOULD WITHDRAW THE STATEMENT ON RECORDS.

8TH AMM. GURANTEES PRISONERS MUST BE PROVIDED WITH MINIMAL CIVILISED MEASURE OF LIFE'S

(3)

NECESSITIES AND PROVIDE FOR THE RELIEF OF THE SICK AND
INJURED AND ALL COSTS SHALL BE PAID BY THE STATE (See
Also CONN. GEN. STATUTES §18.7; FARMER VS BERNNAN
511 US 825-832 (1994), ANDERSON V COUGHLIN 757 F2d 33
35 (2nd CIR 1985) FARMER VS BERNNAN 511 US 825, 847
(1994), HATHAWAY V COUGHLIN 37 F3d 60-63-66
(2nd CIR 1994), LANGLY VS COUGHLIN 888 F2d 252-254
(2nd CIR 1989) ;
IN GENERAL PRISON OFFICIALS AND MEDICAL STAFF
ACT WITH DELIBERATE INDIFFERENCE TO AN
INMATE'S MEDICAL NEEDS, IF THEY KNOW AND
DISREGARD AN EXCESSIVE RISK TO AN INMATE'S
HEALTH. See ESTELLE VS GAMBLE AT 105, 429 C/S
See Supp Ex 2ᴮ INMATE'S INTAKE MEDICAL RECORD)
INDICATES PLAINTIFF NEEDS SPECIALIST CARE, SERIOUS
MEDICAL NEEDS, EX 2ᵃ, EX 2ᶜ AND EX 2ᴰ ALL SUPP,
PROVE PLAINTIFF HAD LET MD. IMMORDINO KNOW HIS
REALLY SERIOUS MEDICAL NEEDS AND NURSES
AT TRIAGE CAN TESTIFY TO IT AND WHAT HE
DEFENDANT REFUSED TO DO TO REMEDY
PLAINTIFF'S PAIN AND SUFFERING, HIS MEDICAL
DOCTOR COLLEAGUE WORKING FOR THE SAME
D.O.C. UPON EVALUATING PLAINTIFF ORDERED
X RAYS AND CELEBREX WHICH GAVE PLAINTIFF
RELIEF FROM HIS PAIN see Supp EX 2ᶜ, DR
GERMAIN BIANCHI AT CARL ROBINSON C.I.
(HE ALSO) INTENTIONALLY INTERFERING WITH THE
TREATMENT ONCE PRESCRIBED. REF: ASWEGAN Vˢ

(4)

BRUHL - 965 F2d 676-677-678 (8th CIR 1992) THIS IS NOT A MATTER OF OPINION AS HE IS NOT A SPECIAL HAND SURGEON AND PLAINTIFF HAD NO NEGATIVE SIDE EFFECTS FROM HIS PREVIOUS TREATMENT FOR HIM TO CHANGE HIS PRESCRIPTION. ON ONLY PURPOSES OF SAVING MONEY FOR D.O.C. AS HE SAID IT IS EXPENSIVE. See ALSO: FAILOUR TO HONOUR DOCTOR'S ORDERS REF: HATHAWAY VS WISCOMB 841 F2d 48 (2nd CIR 1988)(1990) 6th CIR) Comm: CLAIM FOR DELAY IN SURGERY SHOULD NOT HAVE BEEN DISMISSED AFTER SURGERY WAS PERFORMED, FED HABEAS CORPUS See 28 USC 2241, 225, 255, 8th AMN. OBJECTIVE TEST, INJURY IN THE PAST, PRESENT AND FUTURE.

THE FACT THAT DR IMMORDINO DENIED, DELAYED, INTERFERED AND DISHONOURED MY PREINCARCERATION MEDICAL PRESCRIPTION TREATMENT BY 3 DIFFERENT M D ONE A SPECIALIST HAND SURGEON WITH THE SAME OPINION IS NOT AN ISSUE OF DIFFERENT OPINIEN BUT GROSS DELIBERATE INDIFFERENCE TO CAUSE PAIN AND SUFFERING AND HARM TO PLAINTIFF. DR IMMORDINO DENIED PLAINTIFF HIS SERIOUS MEDICAL NEEDS FROM JUNE 2000 - APRIL 2001. REF ESTELLE VS GAMBLE 429 US 97-104-105 (1976) DEFYING THE EXPRESSED INSTRUCTIONS PRISONER'S DOCTORS. REF: See WILLIAM VS VINCENT 508 F2d 541-544-45 (2nd CIR 1974) See also ATTACHED EXHIBITS PREINCARCERATION DOCTOR'S TREATMENT INSTRUCTIONS: MARKED AS EX 1±

1B-1C AND 1D. DEFENDANT(S)ALSO REFUSED TO ORDER XRAYS MRI OR REFER PLAINTIFF TO A HAND SURGEON SPECIALIST FOR EXPERT OPINION REF-! H.C. By HEWETT VS JARRAD, 786 F2d 1080, 1083 (11TH CIR 1986) DAMAGES AWARDED FOR ONLY 3 DAYS DELAY. PLAINTIFF ALSO EXHAUSTED ALL ADMINISTRATIVE REMEDIES WITH THE KNOWLEDGE OF DOCTOR WHICH MADE HIM MORE DEFIANT IN NOT PROVIDING PLAINTIFF WITH HIS SERIOUS MEDICAL NEEDS WHICH IS PROOF OF HIS WILLFUL DENIAL OF THE MEDICAL TREATMENT NEEDED By PLAINTIFF SEE EXHIBITS MARKED 2B, 2C, 2D, AND 2E. INSTEAD HE PUT PLAINTIFF ON MOTRIN MEDICATION WHICH GAVE HIM NEGATIVE SIDE EFFECTS HE WAS TREATED FOR SEE EXHIBIT MARKED 2E. DR TIMMORSINO REFUSED TO HONOUR PLAINTIFF'S DOCTORS' PRE INCARCERATION TREATMENTS PRESCRIBED IN HIS PERSONAL AND INDIVIDUAL CAPACITIES, PROOF HIS COLLEAGUE DR JERMAIN BIANCHI AT CARL ROBINSON C.I. UPON RECEIPT OF PRE INCARCERATION MEDICAL RECORDS ORDERED X RAYS, Celebrex AS PRESCRIBED. SEE EXHIBIT MARKED 2D. REF. KAMINSKY VS ROSENBLUM 292 F2d, 922-927 (2nd CIR 1991), PAYNE VS LYANAUGH, 843 2d 177-178-179 (5TH CIR 1988, SEE ALSO ARNOLD ON BEHALF OF HB VS LEWIS, 803 F SUPP, 246-257 (D. OF ARIZONA (1992) By DEFENDANT'S REFUSAL TO APPLY HIS MEDICAL PROFESSIONAL OBJECTIVE AND SUBJECTIVE STANDARDS OFFICIALLY ACTED UPON HIS INDIVIDUAL AND/OR PERSONAL

CAPACITIES. See EXHIBITS MARKED 2ᴬ AND 1ᴴ DEFENDANT IN INTERROGATORY QUESTIONS ANSWERED HE IS NOT A HAND SURGEON. See Also EXHIBITS MARKED 1ᴴ AND 1ᴵ. HIS SOLE REASON TO DENY AND REFUSED TO ORDER THE Celebrex, EXPERT OPINION AND OCCUPATIONAL THREAPY IS BECAUSE ITS COSTLY, See REF KNOP Vˢ JOHNSON, 677 FSupp 512, 524-25 (W.D OF MICHIGAN (1987) SEE Also INTERROGATORY EXHIBITS MARKED 1Eϟ 1S DEFENDANT DID NOT DISPUTE PLAINTIFF'S SERIOUS MEDICAL NEEDS CONCLUDING DEFENDANT WAS AND IS AWARE OF PLAINTIFF'S SERIOUS MEDICAL NEEDS IN CONTRADICTION OF THE DEFENSES THAT HE DID NOT KNOW, ALL THESE DELAY, DENIAL AND REFUSAL WITHOUT ANY MEDICAL JUSTIFICATION, IS PRIMA FACIE EVIDENCE OF DELIBERATE INDIFFERENCE See WHITE Vs NAPOLEON - 897 F2d 103 -109 (3RD CIR 1990) DR IMMORDINO AND DR BLANCHETTE S' TESTIMONIES AND DIAGNOSTIC MEASURES ARE INADMISSIBLE BECAUSE THEY ARE NOT SPECIALIST HAND SURGEONS AND PLAINTIFF SYMPTOMS REQUIRED EXPERT OPINION AND DIAGNOSIS AS HE WAS BEING TREATED BY A SPECIALIST HAND SURGEON DR. ROY KLUCK WHO ORDERED OCCUPATIONAL THREAPY AND CELEBREX WHICH THE DEFENDANT DR PETER IMMORDINO DENIED. THE FACTS UNDISPUTED BY DEFENDANT(S) THAT PLAINTIFF NEEDED AND REQUIRED SPECIALIST'S ATTENTION AS HE WAS BEING TREATED BY A SPECIALIST HAND SURGEON

1256 -1307

See REF: TILLERY VS Owens 719 F Supp 1307        WD PA
(1989) AFF'D 907 F2d 418 (3RD CIR (1990) FAILOUR TO
REFER PLANTIFF TO A SPECIALIST HAND SURGEON
AND DEFENDANT(S) IS NOT A HAND SURGEON SPECIALIST,
ORDER X RAYS, FAILOUR TO PRESCRIBE CELEBREX MED.
AND OCCUPATIONAL THREAPY KNOWING Symptoms
OF PLANTIFF (L) WRIST INJURIES by CONSTANT
HAND CUFFINGS' AGGRAVATIONS REQUIRES SPECIALIST
DIAGNOSTIC PROCEDURES /OPINION IS GROSS
DELIBERATE INDIFFERENCE AND HIS PERSISTENT
PRESCRIPTION MOTRIN MEDICATION WHICH HAD A
NEGATIVE SIDE EFFECT ON PLAINTIFF WHICH HE
WAS TREATED FURTHER SUPPORTS PLAINTIFF
HAD PROVEN HIS BURDEN, AS HE DEFENDANT TREATED
PLAINTIFF FROM APRIL 11TH 2000 TO MAY 19TH 2000 AND
FROM 7TH APREL 2001 WITH FULL KNOWLEDGE OF PLAINTIFFS
SEREOUS NEEDS. DEFENDANT'S REFUSAL, DENIAL,
DELAY, DELIBERATELY AND INTENTIONALLY TO PROVIDE
HIM WITH HIS SEREOUS MEDICAL NEEDS CAUSED
PLAINTIFF PAIN AND SUFFERING, PHYSICAL LIMITATIONS,
PERMANENT INJURIES, PAIN, POOR RANGE OF MOTION, AND
PERMANENT DEPENDENT ON MEDICATION TO RELIEF THE
PAIN AND INFLAMATION DUE TO PERMANENT NERVE
DAMAGE AND FUTURE EXPENSES ON PERMANENT
TREATMENT See PLAISANCE VS PHELPHS, 845 F2d, 107,
108 (5TH CIR 1988). DR IMMORDINO IN THIS CASE DID NOT
ONLY ACT IN DELIBERATE INDIFFERENCE BUT HIS ACTS
ARE CRIMINAL BY POISONING PLAINTIFF WITH THE



(8)

KNOWLEDGE HE WAS GIVING PLAINTIFF MEDICATION
WHICH HAD A NEGATIVE SIDE EFFECTS ON HIM FOR
ALMOST A YEAR. AND SUMMARY JUDGEMENT
FOR DOCTOR PETER IMMORATIVO SHOULD BE
DENIED IN HIS INDIVIDUAL AND/OR PERSONAL
CAPACITIES.

CAPTAIN SANTIAGO IS NOT ENTITLED TO A SUMMARY JUDGEMENT FOR THE REASONS/FACTS.

FACTS → CAPTAIN SANTIAGO DID NOT DISPUTE THAT PLAINTIFF WROTE TO HIM AND DID NOT DISPUTE HE FAILED TO RESPOND/REPLY TO PLAINTIFFS REQUEST COMPLAINT ABOUT HIS LEGAL MAIL PROBLEM.

THROUGH OUT THIS SUIT DEFENDANT(S) IS ARGUING HE IS NOT RESPONSIBLE FOR THE MAIL COMPLAINT, WHICH CONTRADICTS HIS TESTIMONY IN INTERROGATORY QUESTION AS HE REFER HIS ANSWERS TO ADM. DIR 10.7 WHICH STATES, UNIT ADMINISTRATOR WHICH HE DEFENDANT IS, IS RESPONSIBLE FOR THE ADMINISTRATION, SUPERVISION INCOMING AND OUT GOING MAILS, REVIEW OF ALL COMPLAINTS, THESE RESPONSIBILITIES' ARE ASSUMPTIONS ARE FURTHER ENFORCED UPON HIM BY G.C.S. SEC 4-8, 18-81, 52-5701, 54 82 C AND 54-86. THE FACT THAT HE FAILED TO ACT IN ACCORDANCE WITH THE ABOVE ADM DIR 10.7 AND STATUTUES IS CLEAR INDICATION HE DEFIED HIS OFFICIAL CAPACITY BY REFUSING TO REPLY TO PLAINTIFFS REQUEST COMPLAINT OF HIS MAIL IN THE STATUTUES TIME LIMIT AND NOT RESPONDING AT ALL PUTTING IN HIS PERSONAL/INDIVIDUAL CAPACITY, DELIBERATELY KNOWING, TAMPERING, INTERFERING DENYING PLAINTIFF THE RIGHT TO WRITE AND RECEIVE LETTERS TO BE ABLE TO REDRESS HIS SERIOUS MEDICAL NEEDS. THIS SUIT ALSO IS IN DEFENDANT'S INDIVIDUAL AND OR PERSONAL CAPACITY.

PLAINTIFF STILL AFFIRMS DEFENDANT SANTIAGO'S ACTION VIOLATED PLAINTIFFS 8th Amm Const RIGHTS TO WRITE AND RECEIVE LETTERS, TO REDRESS HIS SERIOUS MEDICAL PROBLEMS AS EXHIBITS PROVE PLAINTIFF HAD EXHAUSTED ALL ADMINISTRATIVE REMEDIES TO RESOLVE THIS ISSUE AN EFFORT WHICH MADE DEFENDANT MORE FIRM IN HIS REFUSAL ACT IN AN ADMINISTRATIVE RESPOSIBILITY, INTENTIONALLY WITHOLDING THE MAIL IN QUESTION FROM NOV. 11th - FEB. 27th 2001 AFTER A MAIL GRIEVANCE WAS FILED AND UPHELD SEE EXHIBIT MARKED MAIL GRIEVANCE. DEFENDANT ALSO INDIRECTLY QUESTIONS WHETHER PLAINTIFF WROTE TO HIM, PROOF PLAINTIFF WROTE TO HIM SEE EXHIBIT MARKED SUPP EX 1L SEE ALSO EX 1K COUNSELOR REFERS PLAINTIFF TO CAPTAIN SANTIAGO AS THE SOLE RESPONSIBLE ~~ADM~~ UNIT ADMINISTRATOR OF THE MAIL PROBLEM (HANDLING MAIL ISSUES) ~~SEE LEGAL REFS~~ CAPTAIN SANTIAGO'S REFUSAL TO ACT UPON COMPLAINT FILED WITH HIM, DENIED PLAINTIFF HIS RIGHT TO WRITE AND RECEIVE LETTERS, DENIED, DELAYED, INTERFERED WITH, PLAINTIFF MEDICAL TREATMENT, BECAUSE HE CANT REDRESS HIS SERIOUS MEDICAL NEEDS CAUSING HIM INJURY PAIN AND SUFFERING, PERMANENTLY, POOR RANGE OF MOTION, PHYSICAL LIMITATION, FUTURE MEDICAL COSTS AND PERMANENT DEPENDENT ON MEDICATION FOR RELIEF OF PAIN AND INFLAMATION. SEE LAWS AND LEGAL MEMORANDUM - DAVIDSON V. FLYNN 32 F 3d 27 (2nd CIR 1994) - WHERE AN OFFICER TIGHTENS

HANDCUFFS ALONE FOR THE PURPOSE OF INJURING, THE PRISONER HAS A CASE OF AN 8TH AMM. VIOLATION.
See Also:- BOONE VS ELROD, 706 FSUPP, 636, 638, (ND ILL 1989) COMMENTS: A FAILOUR TO ACT ON PRIOR COMPLAINTS BY INMATES MAY BE SUFFICENT TO SUPPORT A CLAIM. COMMENT-: PRISONER WHO HAD WRITTEN TO JAIL CAPTAIN, CORRECTION DIRECTOR, AND SHERIFF ABOUT GANGMEMBER THREATS WITH NO RESPONSE COULD PURSUE A CLAIM AGAINST THE FOR HIS PRIOR ASSULT.
INJURY ARRESTEE'S CONSTITUTIONAL STANDARD, PRISONERS NEED NOT PROVE A SERIOUS INJURY OR SIGNIFICANT INJURY TO ESTABLISH AN 8TH AMM VIOLATION. THE DEGREE OF AN INJURY IS RELEVANT TO THE 8TH AMM INQUIRY BUT DOESNOT END IT, THIS REASONING APPLIES TO ARRESTEES, AND DETAINEES CASES' CASES INVOLVING CONVICTS See REF- HUDSON VS McMILLAN 503 US 112 SCT 995-999 (1992), ACCORD MCHENRY VS CHADWICK, 896 F2d 184-187 (6TH CIR 1990). CAPTAIN SANTIAGO AND DR IMMORDINO' ACTIONS DEPRIVED AND DENIED PLAINTIFF HIS SERIOUS MEDICAL NEEDS AND ACCESS TO REDRESS HIS SERIOUS MEDICAL NEEDS IN VIOLATION OF PLAINTIFF'S 8TH AMM CONST. RIGHT WITHOUT REASONABLE GOVERNMENTAL LEGITIMATE OBJECTIVE REF See - RHYNE VS HENDERSON COUNTY, 973 F2d 386, 391 (5TH CIR 1992) (CITATION OMMITTED) See ALSO WILLIAM VS OLEARY, 805 F SUPP 634, 638 ND ILL, (1992) DELIBERATE INDIFFERENCE COULD BE INFERRED FROM NEGLIGENT TREATMENT FOR A LONG DURATION

(13)

ADM DIR 10.7 ALSO REQUIRES UNIT ADM. TO MAKE
SURE MAILS ARE HANDLED IN A TIMELY MANNER
AND NOTICE OF ANY REJECTION OF MAIL OTHERWISE
SHOULD BE DONE IN WRITING.
WITH ALL THE EXHIBITS IN EVIDENCE SUPPORTED BY THE
UNDISPUTED FACTS, AND LAWS' MEMORANDUM FEDERAL
LAW STATES PERSONAL INVOLVEMENT IN OF DEFENDANT
IN AN ALLEGED CONSTITUTIONAL RIGHT VIOLATION,
DEPRIVATION IS A PREREQUISITE TO AN AWARD
OF DAMAGES UNDER 42 USC §1983 See RIGHT VS
SMITH 500 8ND CIR1994. WITH ALL THE FORGOING
A REASONS DEFENDANT(S) MOTION FOR
SUMMARY JUDGEMENT SHOULD BE
DENIED.

Yours Truly

Nata Bob
Nata

CERTIFICATE OF SERVICE

This TO CERTIFY THAT THE FORGOING HAD
BEEN SENT TO ATTNY MICHAEL J LANOUE
BY LEGAL MAIL ON THE 10th NOV. 2003
AT
110 SHERMAN ST.
HARTFORD CT.
06105

YOUR'S Plaintiff
NATA BOB

sgn. *[signature]*

MAIL GRIEVANCE

②

## Inmate Grievance Form A, Level 1
### Connecticut Department of Correction

CN 9
7.

Inmate name **NATA BOB**

Facility **NHCCC**       Inmate no. **264728**

Housing unit **G5u**    Date **2/11/01**

[✓] Line grievance   [ ] Line emergency   [ ] Health grievance   [ ] Health emergenc

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

*ut no reply)* I had made a request through Counselor Morzano about my mail and she referred me to Cpt. Santaigo I made a request

2. Nature of grievance. Indicate the events and reasons that led you to file this grievanc Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

*told Ms onzano I fear in letter ill not et to its destination*

Since April 2000 my mails had'nt been reaching their destinations and they aren't retuuened to me latest on is a letter dated 11/11 on the 7th Feb recieved it. I'm under mail review or what!? I made a legal call and they told me they've not

3. Action requested. Describe what action you want taken to remedy the grievance.

I just want to know where my mails are aud whether I am under mail review.

Inmate signature **Nata Bob**

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no. 122-01-025          T no.

Date received 02-13-01   Disposition **Upheld**   Date of disposition 3-06-01

Grievance issue **Mail**

Reasons

Upheld: Mail was located & forward to destination.

Level-1 reviewer A/W PB Olsen

# OKYENIBA CLINIC

58 EAST KINGSBRIDGE ROAD
BRONX NY 10468
(718) 295-8243  (718) 295-8773
FAX # 718- 584-3805

To Whom It May Concern

Mr. Nataf was examined and treated by me on 5/22/00 for dyspepsia and Arthralgia Lt wrist. Patient is on Celebrex.

200 daily.

SAMUEL K. MENSAH M.D.
58 E KINGSBRIDGE RD
BRONX NY  10468
LIC #144315

5/22/00

```
*********** -COMM. JOURNAL- *********** DATE NOV-14-2000 ***** TIME 11:29 ********
```

MODE = MEMORY TRANSMISSION            START=NOV-14 11:24    END=NOV-14 11:29

FILE NO.=422

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---------|-------|----------|----------------------|-------|----------|
| 001 | 634 | ☎ | 98602461119 | 000/001 | 00:00:00 |

```
************************************ -    - ***** -              - ******** -
```

(860) 246-1119                    ● 

DATE: 06/02/00                SHERRY HUSNEY OTR/L    REF: KULICK, ROY MD
ACCT#: 5227                                          PCP:
NAME: NATA BOB                                       INS: ORISKE INS CO

EVAL & F/U VISITS                 MODALITIES - ALL CARRIERS
```
*********************  ************************************************************
```

| OT EVAL | 97003 [] | MYOFASCIAL REL./STN | 97250 [] | JT MOBILIZATION | 97265 [] |
| USHC 30 | 97700 [] | MANUAL THERAPY TECH | 97140 [] | THERAPEUTIC EX. | 97110 [] |
| USHC 15 | 97701 [] | NEUROMUSCULAR RE-ED | 97112 [] | SELF CARE / ADL | 97535 [] |
| 1199 | 97110 [] | HOT/COLD PACK | 97010 [] | DYNAMIC ACT. | 97530 [] |
| GHI | 97110 [] | WHIRLPOOL | 97022 [] | CONTRAST BATH | 97034 [] |
| PHYS PER | 97750 [] | VASOPNEUMATIC DEVICES | 97016 [] | ELECTRIC STM. | 97014 [] |
| | | IONTOPHORESIS | 97033 [] | ULTRASOUND | 97035 [] |
| RE-EVALUATION | | HOME EXERCISE PRGM | 97139 [] | PARAFFIN BATH | 97018 [] |
| | | DEVELOP. COG SKILLS | 97770 [] | OTHO TRNG/SPLT | 97504 [] |
| RE-EVAL | 97004 [] | BIOFEEDBACK TRAINING | 90901 [] | | |

DME: _____ []           WOUND CARE SIM. 11040 []
DME: _____ []           NAIL DEB.        11720 []

```
***************************************************************************
```
CONDITION & PROGRESS

Semmes Weinstein monofilament - 3.61 - diminished
light touch noxious digit dorsal surface. Otherwise sensation
is intact in the hand
Wrist ext= 5/5, but pt notes pain @ dorsal wrist crease.
Wrist flexion= 5/5, 5 pain
L grip= 65/60/55     R grip= 90/85/75 - Pt is R hand dominant
Pt notes throbbing sensation c power gripin' L.
ROM df=60, VF=55° c "pulling" sensation noted by pt beyond
      40° df.    L         R
3 pt pinch= 12/10/11 lbs  - 28/21/22   Pt is R hand dominant
2pt pinch= 9/11/11 lbs    13/14/11
Lat pinch= 8/12/11 lbs    29/31/31
elbow r= 5/5  ext= 5/5
Shoulder FE = 5/5 - limited by occasional shoulder pain, ABD= 5/5
Recommend use of wrist support for heavy work, continue
c strengthening

OT SIGNATURE: _____

BW

DIAGNOSIS: 969.3   (2) _____ (3) _____ (4) _____

$ 0.00   CASH      CHECK      METHOD OF PAYMENT: ( ) CHECK  ( ) CASH

INITIALS: _____

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|                          |   |                                              |
|--------------------------|---|----------------------------------------------|
| NATA BOB                 | : | PRISONER CIVIL NO. 3:02CV1785 (RNC)(DFM)     |
| v.                       | : |                                              |
| JOHN J. ARMSTRONG, ET AL.| : | JUNE 24, 2003                                |

**DEFENDANT IMMORDINO'S RESPONSES TO
PLAINTIFF'S MOTION FOR DISCOVERY – INTERROGATORY
DATED APRIL 24, 2003**

A.      A non-formulary form is used by a Department of Correction physician to request a non-formulary medication if the physician deems it an appropriate request. This form is submitted to the Utilization Review Committee for the Department of Correction. *I do not approve cost of treatment. Utilization Review*

B.      Medical treatment which requires care for an inmate outside of a facility is approved by the Utilization Review Committee. Medical treatment is general provided within a correctional facility to inmates without anyone approving the cost except to the extent that the Department's budget is approved by the General Assembly.

C.      Yes. All doctors have the responsibility of making their own determination of the appropriate medication for a patient at the time of treatment.

D.      I am a surgeon. I am not a hand specialist.

MIDSTATE MEDICAL CENTER
PO BOX 310912
NEWINGTON, CT
888 271-8662

4/10/00



06131-0912

PAGE NO. 1

HOSP.NO. 011

| TYPE OF BILL | DATE OF BILL | DATE OF PREV. BILL |
|---|---|---|
| CYCLE | 04/18/00 | |
| OUTP. | | |

| P    Z | PATIENT NAME | PATIENT NUMBER | SEX | AGE | ADMISSION DATE | DISCHARGE DATE | DAYS |
|---|---|---|---|---|---|---|---|
| BOB ,NATA | | 40864873 | M | 45 | 04/10/00 | | |

| GUARANTOR NAME AND ADDRESS | C.O.B. | INSURANCE COMPANY NAME | GROUP NUMBER | POLICY NUMBER |
|---|---|---|---|---|
| NATA BOB<br>2055 VALENTINE AVE<br>BRONX,NY 10457 | | | | |

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT

| AMOUNT OF PAYMENT | $ |
|---|---|

| DATE OF SERVICE | DESCRIPTION OF HOSPITAL SERVICES | SERVICE CODE | TOTAL CHARGES | EST. COVERAGE INS. CO. NO 1 | EST. COVERAGE INS. CO. NO. 2 | EST. COVERAGE INS. CO. NO. 3 | EST. COVERAGE INS. CO. NO. 4 | PATIENT AMOUNT |
|---|---|---|---|---|---|---|---|---|
| DETAIL OF CURRENT CHARGES, PAYMENTS AND ADJUSTMENTS | | | | | | | | |
| 04/10 | ACETAMN TAB 325M | 64020746 | 1.65 | | | | | 1.65 |
| 04/10 | NON EMERGENT 2 | 91011023 | 80.00 | | | | | 80.00 |
| 04/11 | CELECOXIB 200MG | 64097165 | 21.40 | | | | | 21.40 |
| 04/11 | CELECOXIB 200MG | 64097165 | 10.70 | | | | | 10.70 |
| BALANCE FORWARD | | | 0.00 | | | | | |
| SUMMARY OF CURRENT CHARGES | | | | | | | | |
| | PHARMACY | 250 | 33.75 | | | | | 33.75 |
| | EMERGENCY DEPT | 450 | 80.00 | | | | | 80.00 |
| SUB-TOTAL OF CURR. CHARGES | | | 113.75 | | | | | 113.75 |

THIS IS A SUMMARY OF YOUR HOSPITAL CHARGES.  WE
HAVE BILLED YOUR INSURANCE IF YOU HAVE GIVEN US
THAT INFORMATION.  'PAY THIS AMOUNT' IS WHAT WE
ESTIMATE YOU OWE AT THIS TIME. UNTIL INSURANCE HAS
PAID WE ARE NOT ABLE TO GIVE YOU THE FINAL AMOUNT
DUE. FOR FURTHER INFORMATION CALL 888-271-8662.

| TOTALS | 113.75 | | | | 113.75 |
|---|---|---|---|---|---|

| PATIENT NUMBER | PLEASE REFER TO PATIENT NUMBER ON ALL INQUIRIES AND CORRESPONDENCE. | ADDITIONAL PATIENT BILLING MAY BE NECESSARY FOR ANY CHARGES NOT POSTED WHEN THIS BILL WAS PREPARED, OR IF INSURANCE CARRIERS DO NOT PAY ANY PART OF THE AMOUNTS SHOWN UNDER ESTIMATED INSURANCE COVERAGE. | PAY THIS AMOUNT | 113.75 |
|---|---|---|---|---|
| 40864878 | | | | |

MIDSTATE MEDICAL CENTER
NEWINGTON, CT
T4  Rev. 6/30/92

**Inmate Grievance Form A, Level 1**
**Connecticut Department of Correction**

Inmate name NATH BOT                                    Inmate no. 26928

Facility NHCC.                 Housing unit G54          Date 11/08/00

☐ Line grievance    ☐ Line emergency    ☑ Health grievance    ☐ Health emergenc

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

_The doctor peter Mordin told me my medication is expensive the facility will not buy it and cant authorise my medication bought in by my family if not why I am not having it._

2. Nature of grievance. Indicate the events and reasons that led you to file this grievanc Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

_Between 11th of April and 19 May and between June 11th and October I saw Dr peter Murdin concerning my hand left and skin diseases but I cant get any treatment satisfactory to my claims_

3. Action requested. Describe what action you want taken to remedy the grievance.

_why the facility will not provide me medicat_

Inmate signature _Nsim Stor_

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

**FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW**

IGP no. O 63                          T no.

Date received 11/14/00    Disposition _Denied_    Date of disposition 11/14/00

Grievance issue _medication_

Reasons
_Admitted 4/11, seen by md 5/1,
admitted 6/9 seen by infectious disease md 6/6, 7/9
Saw by regular md 7/26, 8/3, 9/7, 10/6
4/11 naprosyn given 5/1 motrin give 7/26 increased stop
by motrin given up md wanted to give you other_

Level-1 reviewer _6 Oakley m_

_medication he could have requested that it
be approved for ordering. He has not done
this. The only complaint from you regarding your
medication is from they you complained naprosyn
was not working because you needed to tell Ihlaul_

CELEBREX MEN                    3 times?

# C.R.C.I.

CN9602
1/94

## CONNECTICUT DEPARTMENT OF CORRECTION
### INMATE REQUEST FORM

FROM NATA BOB                          INMATE NUMBER 264728

WORK ASSIGNMENT _____        LIVING QUARTERS 3B 96

SUBMITTED TO DR. BIANCHI               DATE 27ª May 2011

REQUEST: The medication you put me on is helping me well but I discovered that my little finger and ring fingers are the only sensitive finger to my wrist (left) the middle finger the index and the Theums do not have sensitivity like when I lay on my hand for a while and my hand gets Numb on the left side of my left hand gets the feeling of numbness but I am still exercing as advised I would like to see you for a follow up.

PREVIOUS ACTION TAKEN: _____

RECEIVED BY: _____ DATE RECEIVED: _____

ACTION TAKEN AND /OR RESPONSE  Come to Sri Cell

DATE RESPONDING  6/3/9

SIGNATURE OF STAFF MEMBER RESPONDING  Medical

**LAW OFFICES**
**OF**
**SYDNEY T. SCHULMAN**

**INMATES' LEGAL ASSISTANCE PROGRAM**

October 27, 2000

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
La-Tanya J. Mansfield
Ellen J. Downing

Bob Nata
Inmate #264728
New Haven CC
245 Whalley Avenue
New Haven, CT 06530

Dear Mr. Nata:

This correspondence will acknowledge receipt of your October 10th letter which arrived at ILAP on October 18, 2000.

Within the subject letter, you wrote that you had been incarcerated from April 11 to May 19 and June 7th to the present time. You indicated that you were admitted with personal medication on person. Although you were informed that you would be examined by the institutional physician, scheduled appointments were cancelled. When you did see the doctor, you were informed that you will not receive your pre-incarceration medication because it is too costly. You requested that the doctor authorize your family to bring in your medication but the physician said no.

In the interval between your release and readmission to the DOC System, you saw your personal physician who provided you with documentation to substantiate your medical issues upon readmission. You also wrote that you had addressed correspondence to your doctors in New York but allegedly they never received the letters.

Your medical treatment issues focus upon an unidentified skin condition which requires special soap. You claimed that you witnessed other inmates with similar dermatological conditions receive prescribed soap but your were never ordered same. You wrote that your hand is healing with a possible deformity and you experience pain.

As follow-up to your letter, on October 26, 2000, I contacted New Haven CC Deputy Warden Jones. I expressed my concerns to him relative to your medical care. DW Jones advised me that he would look into the matter and get back to me. Shortly, thereafter, he called to tell me that you had been seen by the institutional physician on August 31 and September 7, 2000. I was informed that you would be seen by the doctor on Friday, October 27, 2000.