UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATA BOB, | : | 2004 MAY 21  P 5: 54 |
| Plaintiff, | : | |
| | : | U.S. DISTRICT COURT |
| v. | : | PRISONER  HARTFORD, CT |
| | : | CASE NO. 3:02CV1785(RNC)(DFM) |
| JOHN J. ARMSTRONG et al., | : | |
| Defendants | : | |

### RULING AND ORDER

Plaintiff brings this action pro se pursuant to 28 U.S.C. § 1983, challenging conditions of his confinement at the New Haven Correctional Center.[1] Both sides have filed motions for summary judgment. For the reasons given below, plaintiff's motion is denied and defendants' motion is granted in part and denied in part.

I. Facts

The following facts, taken from defendants' Local Rule 56(a)1 statement, are deemed admitted because plaintiff has failed to file a Local Rule 56(a)2 statement.[2] In 1998, before his incarceration, plaintiff suffered a work-related injury to his left hand and was prescribed Celebrex for pain. Defendant

---

[1] The defendants are John J. Armstrong; Peter Immordino, incorrectly named as Peter Immordini; Fred Levesque; and Antonio Santiago, incorrectly named as Captain Santiagio.

[2] On November 24, 2003, the court sent plaintiff an Order of Notice informing him in clear terms that he must respond to defendants' Local Rule 56(a)1 statement with a Local Rule 56(a)2 statement, and rebut defendants' affidavits with his own, or the facts asserted by defendants in those statements and affidavits would be deemed admitted.

Peter Immordino, a physician, treated him from May to October 2000, while he was confined at the New Haven Correctional Center. Immordino prescribed Motrin for his pain. Celebrex and Motrin are in the same class of drugs, and are used to control inflammation and pain. In April 2001, after plaintiff indicated that Motrin was not relieving his pain, a physician at a different correctional facility prescribed Celebrex.

Plaintiff submitted a claim based on this incident against the Connecticut Department of Corrections to the Claims Commissioner of Connecticut in July 2001. In August 2002, the Claims Commissioner found that plaintiff failed to establish a claim of negligence or medical malpractice.

On November 8, 2000, plaintiff submitted a request to defendant Antonio Santiago, a prison unit administrator, regarding legal mail that he said was not reaching its destination. Plaintiff did not receive a response to this request and Santiago has no recollection of seeing it. On February 11, 2001, plaintiff filed a grievance regarding this problem, referring to a letter dated November 11, 2000, that had not reached its destination. The grievance was upheld on March 6, 2001. The reviewer noted that plaintiff's letter had been located and forwarded to its destination.

II. Discussion

Summary judgment may be granted only when the evidence, viewed fully and most favorably to the nonmovant, raises no genuine issue of material fact, and the moving party is entitled

to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must review the record as a whole, credit all evidence favoring the nonmovant, and give the nonmovant the benefit of all reasonable inferences. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150-51 (2000).

   A.   Plaintiff's motion for summary judgment

Plaintiff's motion for summary judgment is his second. Rule 56(a)1 of the Local Rules of Civil Procedure for this District provides: "There shall be annexed to a motion for summary judgment a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." The court denied plaintiff's first motion for summary judgment without prejudice because he did not submit the required Local Rule 56(a)1 Statement. Plaintiff has again failed to do so. Thus, this motion is also denied.

   B.   Defendants' motion for summary judgment

Defendants contend that plaintiff's claim against Immordino is barred by res judicata because that claim was litigated before the Connecticut Claims Commissioner. When a state agency acting in a judicial capacity resolves disputed issues of fact that the parties have had an adequate opportunity to litigate, a federal court hearing a § 1983 action must give the agency's factfinding the same preclusive effect that it would receive from the state's courts. Univ. of Tenn. v. Elliot, 478 U.S. 788, 799 (1986).

Connecticut courts will give preclusive effect to an agency's factfinding only if that factfinding was subject to judicial review. Convalescent Ctr. of Bloomfield, Inc. v. Dept. of Income Maintenance, 208 Conn. 187, 201 (1988). They will not give preclusive effect to an agency judgment if the only judicial review available is limited such that no court can review the agency's findings of fact. Cumberland Farms, Inc. v. Town of Groton, 262 Conn. 45, 61-64 (2002). By statute, the Claims Commissioner's findings of fact are not subject to judicial review. Conn. Gen. Stat. §§ 4-164(b), 4-183(j). Thus, even if the other requirements of res judicata are met, this claim is not precluded.

Defendants also argue that plaintiff cannot demonstrate that Immordino showed deliberate indifference to his serious medical needs by prescribing Motrin instead of Celebrex, and thus cannot establish inadequate medical care under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff must show that the deprivation he suffered was sufficiently serious, and that Immordino had a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Plaintiff asserts, in his verified complaint, that (1) Immordino's prescription of Motrin rather than Celebrex caused him pain and negative side effects, and (2) Immordino said he was prescribing Motrin rather than Celebrex, although he knew Celebrex was effective in relieving plaintiff's pain, because Motrin was cheaper. (Comp.

p. 4).[3] These assertions, based on plaintiff's personal knowledge, are enough to create issues of fact on the objective and subjective components of plaintiff's claim. Thus, this claim survives summary judgment.

Defendants argue that plaintiff cannot show that Santiago violated his right to send and receive mail. Plaintiff argues that Santiago denied him that right by failing to respond to his November 2000 request in a timely manner. To prevail on a claim for violation of this constitutional right, plaintiff must show multiple incidents of mail tampering, invidious intent on Santiago's part, or actual harm to plaintiff. Davis v. Goord, 320 F.3d 346, 351-52 (2d Cir. 2003). Plaintiff presents no evidence from which a court could find that Santiago was responsible for multiple incidents of mail tampering or had an invidious intent. He asserts, in his memorandum in opposition to this motion, that Santiago's refusal to act on his mail request delayed his efforts to obtain Celebrex, thus causing him continued pain and permanent physical damage. (Pl.'s Memo. at 11.) However, he presents no affidavit assertions, or other evidence that is proper under Local Rule 56, to show that he suffered actual harm. Thus, he has not created an issue of fact on Santiago's liability.

---

[3] For summary judgment purposes, assertions in a verified complaint are treated as if they were made in an affidavit. Gayle v. Gonyea, 313 F.3d 677, 682 (2d Cir. 2002).

III. Conclusion

Accordingly, plaintiff's motion for summary judgment [Doc. #34] is hereby denied and defendants' motion for summary judgment [Doc. #35] is hereby granted as to the claim against Santiago and denied as to the claim against Immordino.

So ordered.

Dated at Hartford, Connecticut this 21st day of May 2004.

_____
Robert N. Chatigny
United States District Judge