UNITED STATES DISTRICT COURT ①

DISTRICT OF CONNECTICUT

FILED
2004 JUN 21 P 4:40
U.S. DISTRICT COURT
BRIDGEPORT, CONN

PRISONER Case No: 3:02 CV1785(RNC)

NATA BOB - Pro Se
PLAINTIFF

DATE - 6.9.04

Vs

JOHN J. ARMSTRONG, ET AL,
DEFENDANTS.

### TRIAL MEMORANDUM.

① A WITNESSES -: PLAINTIFF CONCLUDES THAT AS DR. IMMORDINO (DEFENDANT) ADMITS ON (Com. P.4)³ THAT HE KNEW PLAINTIFF'S SERIOUS MEDICAL NEEDS OF THE MEDICATION "CELEBREX" WHICH RELIEFS HIS PAIN AND INFLAMATION BUT DID NOT PROVIDE IT, INSTEAD HE PROVIDED PLAINTIFF WITH MOTRIN BECAUSE IT IS CHEAPER IS ENOUGH EVIDENCE, SUPPORTED BY PLAINTIFF'S DOCTOR'S TREATMENT FOR NEGATIVE SIDE EFFECTS AFTER THE PRESCRIPTION AND TREATMENT WITH MOTRIN, BY DEFENDANT DR IMMORDINO, HE WILL NOT CALL A WITNESS.

B  THE FACTS SUPPORTED BY DEFENDANT CAPTAIN ANTONIO SANTIAGO'S ANSWERS TO INTERROGATORY QUESTIONS REFERRING COURT, JURY AND PLAINTIFF TO C.D.O.C. ADM. DIR. 10.7., HE DONOT NEED AND WILL NOT CALL ANY WITNESS BUT ARGUMENTS BE REFERRED TO

DEFENDANT'S REFERENCE.

2.
## LIST OF PLAINTIFF'S EXHIBITS:

**P.EX(1)** PROVES PLAINTIFF WAS RECEIVING PHYSICAL THERAPY BEFORE HIS INCARCERATION (MEDICAL RECORD.) BY MD. YAO L. KALDEZI. G SURGEON, WHO REFERRED PLAINTIFF TO SPECIALIST HAND SURGEON, DR. ROY KULICK.

**P.EX(2)** SPECIALIST HAND SURGEON DR. ROY KULICK AFTER TREATING PLAINTIFF, REFERRED AND PRESCRIBED OCCUPATIONAL PHYSICAL THERAPY FOR HIM. MEDICAL DOCUMENT PROVES PLAINTIFF WAS RECEIVING OCCUPATIONAL THERAPY FROM AN OTR/L. SHERRY HUSNEY AND HIS REEVALUATION CHART. PROVE OF DEFENDANT DR. IMMORDINO'S REFUSAL TO ORDER/PRESCRIBE PHYSICAL THERAPY AND HE IS NOT A SPECIALIST HAND SURGEON CONSTITUTES DELIBERATE INDIFFERENCE, A MEDICAL PROFESSIONAL MISCONDUCT WORST THAN NEGLIGENCE AND MAL PRATICE (MEDICAL).

**P.EX 3** MEDICAL BILL SHOWING THAT CELEBREX WAS PLAINTIFF'S MEDICATION ROUTINELY PRESCRIBED BY ALL MEDICAL DOCTORS WHO TREATED HIM EXCEPT DEFENDANT. PROVES DEFENDANT'S CLAIM OF A DIFFERENCE OF OPINION IN DEFENSE IS WRONG AS IT IS NOT AN EXPERT OR SPECIALIST TREATMENT BECAUSE PLAINTIFF

HAS NO NEGATIVE SIDE EFFECTS FROM THE CELEBREX HE WAS BEING TREATED WITH BEFORE HIS INCARCERATION. (MEDICAL RECORD)

P.Ex.(4) PLAINTIFF'S MEDICAL RECORD UPON INTAKE AT NEW HAVEN CORRECTIONS CENTRE WHERE DEFENDANT IMMORDINO IS M.D. IN CHARGE PROVES COMPLAINTS OF SERIOUS PAIN AND REQUESTS FOR STRONGER MEDICATION TO RELIEF HIS PAIN AS CELEBREX, DATES 4/11/00, 4/13/00 AND 4/17/00. PROVES ALSO DEFENDANT IMMORDINO WAS fully AWARE OF PLAINTIFF'S SERIOUS MEDICAL NEEDS BUT REFUSED TO PROVIDE HIM WITH IT. AS HIS LEFT HAND WAS SWOLLEN FROM THE HANDCUFFINGS TO AND FROM COURT TRANSPORTATIONS. THIS ALSO PROVES DEFENDANT'S PERSISTENCE ON INCREASING THE DOSE OF MOTRIN TO BE TAKEN AS NEEDED WHILST CELEBREX OR CELECOXIB WOULD BE NEEDED ONCE 24 HOURS THE MAJOR DIFFERENCES IN MEDICATIONS WHICH CAUSED THE PLAINTIFF'S SICKNESS FROM THE MOTRIN'S NEGATIVE SIDE EFFECTS, IS PROVEN.

P.Ex.(5) PLAINTIFF'S MEDICAL RECORDS PROVE HE HAS VERY MANY MEDICAL ISSUES REGARDING HIS MEDICAL CONDITIONS ESPECIALLY HIS L/HAND AND HAD TO SEE DEFENDANT MD IMMORDINO WHO AFTER ALL REFUSED TO PROVIDE THE NECESSARY TREATMENT WHICH RELIEFS PLAINTIFF'S PAIN AND CAUSES OF HIS PAIN.

P.EX(6) THIS MEDICAL RECORD EXHIBITS THAT DEFENDANT IMMORDINO KNOWINGLY REFUSED TO REFER THE PLAINTIFF TO A SPECIALIST HAND SURGEON, ORDER X RAYS OR MRI OR TO AN OCCUPATIONAL THERAPIST FOR A SPECIALIST OPION(S) ALTHOUGH HE IS NOT A SPECIALIST HAND SURGEON, BUT CLEARLY DOCUMENTED THAT PLAINTIFF STAY LIKE THAT UNTIL HE GETS OUT OF PRISON TO GO AND SEE HIS PRIVATE SPECIALIST DOCTOR(S) AND RECEIVE HIS PROPER MEDICAL TREATMENT(S).

P.EX(7) (7) DOCUMENT ALSO PROVE PLAINTIFF'S DIRE MEDICAL NEEDS AND HIS EXCURCIATING PAIN WHICH LED DEFENDANT TO PRESCRIBE HIM WITH A SLING TO HANG HIS LEFT HAND, DUE TO SWELLING AND PAIN FROM HAND CUFFINGS.

P.EX(8) PLAINTIFF'S MEDICAL RECORD DATED 5/1/00 PROVE DEFENDANT TREATED PLAINTIFF BUT REFUSED TO PRESCRIBE CELEBREX MEDICATION ALTHOUGH HE STATED PLAINTIFF IS ON CELEBREX MEDICATION FOR THE REASON THAT THE MEDICATION IS EXPENSIVE THE D.OC. STATE WILL NOT BUY IT, AND "CAN'T AUTHORISE PLAINTIFF'S FAMILY TO PROVIDE HIM WITH THE MEDICATION FROM OUTSIDE THE PRISON". HE TOLD THE PLAINTIFF.

P.EX(9) PLAINTIFF'S MEDICAL DOCTOR'S AFFIDAVIT PROVES HE WAS OUT ON BOND AND WAS EXAMINED AND TREATED FOR HIS HAND AND DYSPEPSIA CAUSED BY THE NEGATIVE SIDE EFFECTS CAUSED

BY THE MOTRIN PRESCRIBED BY DEFENDANT IMMORDINO BY M.D. SAMUEL K. MENSAH ON 5/22/00.

P.EX(10) MEDICAL GRIEVANCE FILED BY PLAINTIFF PROVES HE HAD EXHAUSTED ALL ADMINISTRATIVE REMEDIES TO RESOLVE HIS MEDICAL PROBLEMS WITH M.D. DEFENDANT IMMORDINO WITHOUT ANY FRUITFUL RESULTS AS HE ACTED IN HIS PERSONAL AND INDIVIDUL CAPACITY(IES)

P.EX(11) PLAINTIFF'S LETTER TO INMATE LEGAL ASSISTANCE ALSO FURTHER STRENGTHENS HIS CLAIM THAT DEFENDANT PERSISTED ON REFUSING HIM HIS PROPER MEDICAL TREATMENT.

P.EX(12) PLAINTIFF'S MEDICAL RECORDS FROM C.R.C.I. ANOTHER PRISON FACILITY PROVES DEFENDANT FAILED TO ACT IN HIS OFFICIAL CAPACITY BY REFUSING TO FILL AND REQUEST FOR A NON FORMULAR PRESCRIPTION MEDICATION (Celebrex) BECAUSE DR. GERMAN BIANCHI UPON SEEING AND EXAMINING PLAINTIFF FILLED A REQUEST FOR A NON FORMULAR DRUG (Celebrex) BUT TOLD PLAINTIFF HE "CAN'T GUARANTEE THE APPROVING OFFICER(S) WILL APPROVE IT, CAUSE THE DRUG (CELEBREX) IS VERY EXPENSIVE." BUT RELIED ON PLAINTIFF'S DOCTORS' PRE INCARCERATION PRESCRIPTIONS OF Celebrex AND TOOK HEED OF THE NEGATIVE SIDE EFFECTS MOTRIN HAS ON HIM. DATED 7/19/01

P.EX-13 THIS MEDICAL DOCUMENT PROVES PLAINTIFF CAN'T

TOLERATE MOTRIN AND HAS SEVERE ARTHRALGIA AND MD. GERMAIN BIANCHI ORDERED CELEBREX FOR HIM WHICH PROVES DEFENDANT MD IMMORDINO ACTED IN SINCERE DELIBERATE INDIFFERENCE IN VIOLATION OF PLAINTIFF'S 8th AMM. CONSTITUTIONAL RIGHT TO THE MEDICAL TREATMENT WHICH GIVES HIM RELIEF FROM HIS PAIN.

PEX(14) PLAINTIFF'S MEDICAL REQUEST TO DR BIANCHI IN AN AFFIDAVIT PROVES CELEBREX RELIEFED HIS PAIN BUT BECAUSE OF THE LONG DURATION OF THE ABSENCE OR REFUSAL OF DEFENDANT IMMORDINO TO PRESCRIBE HIM WITH THE CELEBREX MEDICATION, PERMANENT DAMAGE HAD BEEN DONE TO HIS LEFT HAND AS THERE IS NO FEELINGS IN HIS FINGERS TO THE WRIST SOMETIMES BUT STILL HE WAS EXERCISING AS ADVICED BY MD BIANCHI.

PEX(15) PLAINTIFF'S UPHELD MAIL GRIEVANCE PROVES HE HAD EXHAUSTED ALL HIS ADMINISTRATIVE REMEDIES TO RESOLVE HIS MAIL PROBLEMS TO NO AVAIL, WHICH DEPRIVED HIM FROM WRITING AND RECEIVING MAIL ALSO HINDERING HIM FROM BEING ABLE TO REDRESS HIS SERIOUS MEDICAL NEEDS, WHICH WOULD HAVE BEEN ABLE TO RESOLVE HIS MEDICAL PROBLEMS AND HIS MEDICAL CONDITIONS WOULDN'T RESULT TO PERMANENT DISABILITY,

PAIN, IMMOBILITY, THROBBING, SPASM AND POOR RANGE OF MOTION AND PERMANENT DEPENDANT ON CELEBREX MEDICATION IN THIS AGE OF MEDICAL CRISIS AS EXPENSIVE.

P.EX (16) PLAINTIFF'S REQUEST TO UNIT COUNSELOR, MS MORZANO TO HELP TRACK HIS LEGAL MAIL'S PROVES UNIT ADMINISTRATOR DEFENDANT SANTIAGO IS RESPONSIBLE FOR ALL MAIL PROBLEMS SUPPORTED BY DEFENDANT'S ANSWER TO INTERROGATORY QUESTIONS REFERRING TO D.O.C. ADM. DIR. 10.7.

P.EX (17) PLAINTIFF'S REQUEST TO DEFENDANT(S) CAPTAIN ANTONIO SANTIAGO UPON HIS UNIT COUNSELOR'S REFFERAL TO MAIL UNIT ADM. PROVES DEFENDANT SANTIAGO IS IN DENIAL BY SAYING HE CAN'T RECALL PLAINTIFF WRITING TO HIM A REQUEST. PROVES ALSO THAT DEFENDANT'S REFUSAL TO REPLY ON A TIMELY MANNER AND NOT REPLYING AT ALL IS IN VIOLATION OF ADM. DIR. 10.7, CONST RIGHTS, C.G.S. BY DENYING PLAINTIFF THE RIGHTS TO WRITE AND RECEIVE LETTERS AND THE ABILITY TO REDRESS HIS SERIOUS MEDICAL NEEDS WHICH DELAYED, DENIED HIM PROPER MEDICAL TREATMENT CAUSING HIM PAIN, PERMANENT., INJURIES DISABILITY AND PERMANENT DEPENDANT ON MEDICATION AT PRESENT, IN THE FUTURE AS HE WAS BEING



TREATED FOR IT PROPERLY BEFORE HIS INCARCERATION (IN THE PAST.)
IN CONCLUSION, THESE EVIDENCES AND EXHIBITS SERVE AS PROVES THAT THE DEFENDANTS MD PETER IMMOROINO AND UNIT ADMINISTRATOR FOR MAIL CAPTAIN ANTONIO SANTIAGO'S ACTIONS INTERFERED WITH PLAINTIFF'S MEDICAL TREATMENT ONCE IT WAS AND (WHEN IT WAS) PRESCRIBED, A COMPOSITION OF MEDICAL MALPRATICE, NEGLIGENCE AND DELIBERATE INDIFFERENCE.

(2) PROPOSED JURY INSTRUCTIONS REGARDING CLAIMS:

1. A) Jury be informed that, this is an action pursuant to 28 U.S.C. §1983, challenging plaintiff's conditions of confinement at New Haven Correctional Center in violation of his Ammendments 8th, 14th Constitutional Rights by defendants Doctor Peter Immordino, Facility D.O.C Doctor, and Captain Antonio Santiago Facility Unit Administrator for Mail under D.O.C., regarding his medical treatment and his correspondances (mail services).

B) Jury be briefed on the 8th, and 14th Ammendments of the Constitution, C.G.S. 18.7 and D.O.C. Adm. Dir. 10.7 outling the plaintiff's rights to his claim and his responsibilities and the defendants' rights and responsibilities in their official capacities.

C) Jury be informed that this suit is in the defendants' individual and personal capacities.

D) Jury be informed to apply the objective and subjective test in deliberations regarding plaintiff's injuries, past, present and future.

E) Jury deliberations should be based on evidentiary documents, exhibits, witness

TESTIMONIES GENERAL AND/OR EXPERT, FACTS AND AFFIDAVITS, ON DELIBERATE INDIFFERENCE.

F AND/ JURY BE INFORMED THAT, THEIR VERDICT SHOULD BE BASED ON WHETHER THE PLAINTIFF PROVED HIS CASE BY HIS EVIDENCES AND THE DEFENDANTS' ACTIONS AGAINST HIM, OR WHETHER THE DEFENDANTS' EVIDENCES PROVE THAT THEY DID NOT VIOLATE THE PLAINTIFF'S CONSTITUTIONAL RIGHTS BY THEIR ACTIONS AGAINST PLAINTIFF AS REQUIRED BY THE CONSTITUTION AND LAW.

G JURY BE INFORMED VERDICT SHOULD NOT BE DICTATED BY/WITH PREJUDICE TO ANY PARTY.

by NATA BOOB PRO SE
PLAINTIFF

Sign. NataBoob

6/9/04

June 9th 2004

CERTIFICATE OF SERVICE

THIS IS TO CERITFY THAT A COPY OF THE FORGOING MAIL HAD BEEN SENT TO U.S. Atty Michael J. LANOUE By LEGAL MAIL ON THE 19th June 2004 AT 110 SHERMAN ST, HARTFORD CT, 06105.

SIGN *[signature]*

NATA BOB
PLAINTIFF PRO Se.