UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATA BOB | : | CIVIL NO. 3:02CV1785 (DFM) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | JANUARY 11, 2005 |

### DEFENDANT'S AMENDED TRIAL MEMORANDUM

**I.   Trial Counsel**

The trial counsel for the defendant, Dr. Peter Immordino, will be:

| | |
|---|---|
| Michael J. Lanoue | Neil D. Parille |
| Assistant Attorney General | Assistant Attorney General |
| Federal Bar #ct05195 | Federal Bar #ct15278 |
| 110 Sherman Street | 110 Sherman Street |
| Hartford, CT 06105 | Hartford, CT 06105 |
| Tel: (860) 808-5450 | Tel: (860) 808-5450 |

**A.   Witnesses**

Defendant Dr. Peter Immordino is expected to testify as to his treatment of the plaintiff, the requirements of his employer as to the prescription of medication, his knowledge of correctional medicine and the community standard of care as it relates to his treatment of the plaintiff. Duration of testimony: two to three hours.

Dr. Edward Blanchette is expected to testify as to his expertise in treating inmates held within correctional institutions, his expert opinion as to proper treatment of plaintiff's condition, the requirements of the Department of Correction as to the prescribing of pain medication and the community standard of care as it relates to plaintiff's condition. Dr. Blanchette will rely on the medical records of the plaintiff. Duration of testimony: one to two hours.

Nurse Erslaine Edwards, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to the plaintiff's intake screening on April 11, 2000, and plaintiff's complaints. Duration of testimony: less than one hour.

Nurse Elizabeth Dunay, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to the plaintiff's intake screening on June 7, 2000. Duration of testimony: less than one hour.

Nurse Charlie Spears-Compos, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to plaintiff's complaints and treatment in 2000 at New Haven Correctional Center. Duration of testimony: less than one hour.

Dr. Hussein Zaior, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to his treatment of the plaintiff during 2000 at the New Haven Correctional Center. Duration of testimony; less than two hours.

Nurse Joanne Grudup, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to the medical treatment of the plaintiff during 2000 at the New Haven Correctional Center.

Nurse Lisa Clark, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to the medical treatment of the plaintiff during 2000 at New Haven Correctional Center. Duration of testimony: less than one hour.

Department of Correction Records Specialist(s), 24 Wolcott Hill Road, Wethersfield, CT 06109 are expected to authenticate plaintiff's central and medical records (if necessary). Duration of testimony: less than one hour.

Nurse Arlene Lewis, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to the plaintiff's treatment while at New Haven Correctional Center. Duration of testimony: less than one hour.

Dr. Omprakash Pillai, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to plaintiff's medical treatment at Osborn Correctional Institution from 2001 to 2003. Duration of testimony: one to two hours.

Dr. Glenn Gerratana, 24 Wolcott Hill Road, Wethersfield, CT 06109, is expected to testify as to plaintiff's treatment at New Haven Correctional Center during 2000. Duration of testimony: less than one hour.

Dr. Germaine Bianchi, 24 Wolcott Hill Road, Wethersfield, CT 06109, is expected to testify as an expert as to his and the defendants' treatment of the plaintiff. Duration of testimony: less than one hour.

The defendant respectfully requests the right to call rebuttal witnesses or supplement this list for good cause shown.

B. **Defendant's Exhibits**

1. Department of Correction Medical - Clinical Record of the plaintiff from April 11, 2000 to July 9, 2003

2.  Department of Correction Medical - Physician's Orders relating to the plaintiff from April 11, 2000 to August 29, 2002

3.  Department of Correction Medical - Plaintiff's Diagnostic Radiologic Report, typed April 30, 2001 of Plaintiff's Left Wrist, PA, Lateral and Oblique views.

4.  Medical - Department of Correction Facilities Non-Formulary or Restricted Drug Request dated April 26, 2001

5.  Medical – Department of Correction Medication Reports of the plaintiff from April 12, 2000 to September 30, 2003

6.  Plaintiff's Medical Intake Health Screening Record of April 11, 2000

7.  Plaintiff's Medical Intake Health Screening Record of June 7, 2000

8.  Plaintiff's RT60 showing his institutional movements from 1998 to 2003

9.  Inmate Grievance of Plaintiff, Plaintiff's Exhibit 10, November 3, 2000

**C.  Objections to Plaintiff's Exhibits**

1.  Plaintiff's Exhibit 6.  Contains opinion, self-serving statement of plaintiff.

2.  Plaintiff's Exhibit 9.  Hearsay and not authenticated.

3.  Plaintiff's Exhibit 11.  Hearsay.  Opinion evidence.  Irrelevant.

4.  Plaintiff's Exhibits 15, 16, 17.  Irrelevant.  Documents concern allegations dismissed by the Court.

**C.  Request for Jury Instructions**

### Deliberate Indifference To Serious Medical Needs

Did the plaintiff prove by a preponderance of the evidence (1) that the deprivation alleged is "objectively sufficiently serious" such that the plaintiff was denied "the minimal civilized measure of life's necessities," and (2) that the defendant official possessed a "sufficiently culpable state of mind" associated with "the unnecessary and wanton infliction of pain."

See Trammel v. Keane, 338 F.3d 1555 (2d Cir. 2003).

1.      An inmate must rely upon prison authorities to treat his serious medical needs; if the authorities deliberately fail to do so, those needs will not be met, and arguably the eighth amendment cruel and unusual punishment clause has been violated, as I will explain further.[1] Deliberate indifference to serious medical needs of prisoners may constitute the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.[2] This is true whether the indifference is manifested by intentionally denying or delaying access to medical care or intentionally interfering with treatment, once it is prescribed.[3] However, inadvertent failure to provide adequate medical care is not an unnecessary and wanton infliction of pain.[4]

2.      In order for the plaintiff to prevail on his claim of a deliberate indifference by the defendant to the plaintiff's serious medical needs, plaintiff bears the burden of proof and must meet both prongs of a two-prong standard.

    (1)  First, the alleged deprivation must be, in objective terms, "sufficiently serious."[5]

    (2)  Second, the charged employee or official must be personally involved, as I explained before, and also must act with a sufficiently culpable state of mind.[6] Deliberate indifference requires more than negligence.  "A prison official does not act in a deliberately indifferent manner unless the official knows of and disregards an excessive risk to inmate health and safety;

---

[1] Estelle v. Gamble, 429 U.S. 97, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)

[2] Gregg v. Georgia, 428 U.S. 153, 49 L. Ed. 2d 859, 96 S. Ct. 2909 (1976)

[3] Estelle v. Gamble, supra, 429 U.S. at 104-05

[4] Id., at 105.

[5] Hathaway v. Coughlin, 37 F.3d 63 (2d Cir. 1994); Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed. 2d 271 (1991).

[6] See Wilson v. Seiter, supra, 501 U.S. at 298.

the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[7]

"[A] prisoner's disagreement with his prescribed treatment does not afford a basis for relief under §1983."[8] Prisoners have no right to the medical treatment of their choice, so long as the prescribed treatment is based on applicable medical standards.[9] A prisoner's disagreement over doctor's judgment or course of treatment does not state a claim under §1983.[10]

### Negligence Is Not A Grounds To Find For Plaintiff

3. An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation. Again, you may not find for the plaintiff against the defendant if you find that the his actions were merely negligent. I emphasize: the defendant must have been more than negligent in order for you to find him liable. Dr. Immordino must have acted sadistically and maliciously for the very purpose of

---

[7] Farmer v. Brennan, 511 U.S. 825, 838, 114 S.Ct., 1970, 1978-79, 128 L.Ed.2d 811 (1994). Hathaway v. Coughlin, supra, 37 F.3d 63 (2d Cir. 1994).

[8] Tomarkin v. Ward, 534 F.Supp. 1224, 1230 (S.D.N.Y. 1982). See Grimes v. Chernovetz, Civ. No. B-90-436 (WWE), 1991 U.S. Dist. LEXIS 14798 (D.Conn. 1991).

[9] McCloud v. Delaney, 677 F.Supp. 230, 232 (S.D.N.Y. 1988). See also, United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 866 (2d Cir. 1970).

[10] See Wells v. Franzen, 777 F.2d 1258, 1264 (7th Cir. 1985)(treatment of a prisoner's medical condition "generally defeats a claim of deliberate indifference"). Perez v. Hawk, 302 F.Supp.2d 9, 21 (E.D. NY 2004).

causing harm to the plaintiff or he must have acted with the requisite culpable intention of causing the plaintiff pain.[11]

### Proximate Cause

4.      The third element which plaintiff must prove is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendant and any injury or damage allegedly sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's acts or omissions. If an injury was a direct result or a reasonably probable consequence of the defendant's acts or omissions, it was proximately caused by such act or omission. In other words, if the defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

5.      In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the plaintiff is complaining about an injury which would have occurred even in the absence of the defendant's conduct, you must find the defendant did not proximately cause plaintiff's injury.

6.      A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or

---

[11]    Authority: Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-78.

the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

7.    The defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's acts or omissions and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant. Nor would the defendant be liable if the plaintiff caused his own injuries through his behavior or actions.

8.    If you find that the plaintiff suffered some injury or pain but that his injury or pain was the result of his own behavior or some other intervening factor, then the defendant would not be liable for his injury.[12]

### Instructions On Affirmative Defenses Qualified Immunity

9.    If you find that the defendant did not deprive the plaintiff of his Eighth Amendment rights, then you need not consider the defendant's affirmative defenses. However, in the event that you should find that the defendant did deprive the plaintiff of his Eighth Amendment rights, the defendant still may not be liable to the plaintiff. In this sort of lawsuit, the defendant may be entitled to what is called qualified immunity.

10.   Qualified immunity shields a public official from liability provided that his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. I instruct you that at the time of the incident giving rise to this lawsuit, it was clearly established law that prison inmates enjoy a right to be free from the malicious and

---

[12] Authority: Modern Federal Jury Instructions, ¶ 87.08, Instruction, 87-79; Graham v. Western Line Consolidated School District, 439 U.S. 410, 99 S. Ct. 693 (1979); Mt. Healthy City School District Board of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568 (1977).

sadistic allowance of pain by a prison official which is intended to cause harm to the inmate. However, even where rights are clearly established, a defendant official will be entitled to qualified immunity if it was objectively reasonable for him to believe that his actions did not violate those clearly established right.

11.     To put it the other way, an individual defendant will not be entitled to qualified immunity if, at the time the actions complained of he knew or should have known that his actions were contrary to federal law.  The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity, nor is the fact that a defendant was unaware of the federal law.

12.     In deciding what a competent official would have known about the legality of the challenged conduct, you must consider the nature of a defendant's official duties, the character of his official position, the information which was known to him or not known to him, and the circumstances which confronted him.  You must ask yourself what a reasonable official in the defendant's situation would have believed about the legality of his or her conduct.  You should not, however, consider what the defendant's subjective intent was, even if you believe it was to harm the plaintiff.  The relevant question is what a *reasonable* official in the defendant's situation would have thought about the legality of his or conduct.  If you find that a reasonable official in the defendant's situation would believe this conduct to be lawful, then he is entitled to qualified immunity.

13.     The defendant has the burden of proving that he neither knew or should have known that his actions violated federal law.  If the defendant convinces you by a preponderance of the evidence that he neither knew nor should have known that his actions violated federal law, then

you must return a verdict for the defendant, even though you may have previously found that the defendant, in fact, violated the plaintiff's constitutional rights under color of state law.

14. Similarly, if the defendant convinces you by a preponderance of the evidence that a reasonable physician could disagree over whether his actions violated federal law, then you must return a verdict for the defendant, even though you may have previously found that the defendant, in fact, violated the plaintiff's constitutional rights under color of state law.[13]

### **Damages**

15. Because the plaintiff is making a claim for money damages in this case, I must discuss the law of damages with you. You should not take this discussion to suggest that the defendant did violate the plaintiff's rights or that he did not act in good faith. You should not consider the question of damages at all, unless you have first determined that the defendant did violate the plaintiff's rights and that they did not act in good faith.

16. I merely give you these instructions on the law of damages so that, in the event you do come to the conclusion that the plaintiff is entitled to recover, you will have sufficient guidance in arriving at a proper verdict.

17. And I want to repeat here that with regard to the matter of injuries and the matter of the damages, the same rule relative to the burden of proof on the plaintiff still applies. In other words, the burden is on the plaintiff to prove these elements of damage by a fair preponderance of the evidence. Just as it was in connection with his claimed allegations on the issue of liability.

---

[13] Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 (1987); Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092 (1986); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 1085 (1986).

18. Plaintiff may not recover for emotional or mental distress alone. Plaintiff may only recover for emotional and mental distress if he first establishes that he suffered a physical injury as a result of defendants' actions.[14]

19. When monetary damages are sought in a lawsuit brought under Title 42, Section l983 of the United States Code, such as in this case, the burden is on the plaintiff to prove that Dr. Immordino, against whom money damages are sought, was personally involved in or responsible for the alleged violation of the plaintiff's constitutional rights.[15]

20. You should keep in mind that although the defendant is employed by the State of Connecticut, he is being sued in his individual capacity and, hence, is personally exposed to payment of any damages which you award in his individual capacity.

21. You may also keep in mind that the plaintiff is an inmate whose daily living expenses, including medical expenses, are being paid for by the State of Connecticut.

22. There are two kinds of damages claimed by the plaintiff in this case. The first is compensatory damages; that is, a sum of money to compensate the plaintiff for the denial of his federal constitutional rights for the alleged wanton and willful infliction of pain.

23. In estimating damages in a case of this sort, you are not at liberty to guess or infer what the damages are. You must use your best judgment, remembering always that it is incumbent upon the plaintiff, even if you find that he is entitled to recover, to prove, by a fair preponderance of the evidence, the amount of the damages to which he is entitled. It must be fairly proved that

---

[14] 42 U.S.C. § 1997e.

[15] Johnson v. Glick, 481 F.2d 1083.

the verdict, if you come to a verdict for the plaintiff, is one which in your sound judgment represents the damages to which he is entitled under the rule applicable in the situation.

24. The law does not recognize an inherent or abstract monetary value of a constitutional right; therefore, no compensatory damages may be awarded for a violation of a constitutional right absent proof of actual physical injury or loss. If you do find that the defendant violated plaintiff's constitutional rights, but you do not find that the plaintiff suffered an actual physical injury or loss by virtue of his constitutional rights having been violated, then you may only award nominal damages of no more than one dollar for each violation of plaintiff's constitutional rights.[16]

25. The rule for measuring compensatory damages may be briefly summarized as follows: The plaintiff is to get fair and just compensation for the injuries which he has suffered. It is for you, in the exercise of your best judgment, to say what is fair and just compensation to him insofar as money will compensate for the injury which he has suffered. There is no fixed rule which you can apply. You have to apply sound, common sense in reaching the amount of your verdict. Of course, in considering that, you are bound by the allegations of the pleadings, and also you must disregard any suffering which has come to him from other causes.[17]

---

[16] Authority: Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S. Ct. 248 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert. denied 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.S. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979).

[17] See, Wright, Conn. Jury Instructions, Sec. 226a.

26. In determining the amount of a damage award, you should also consider that all the plaintiff's medical expenses have been paid by the State of Connecticut.

## Only One Recovery

27. In considering damages in general, the plaintiff puts forth several grounds for liability. If you find liability, you may award damages to compensate for the injury, but you may not award damages twice for the same injury. Having recovered for an injury once, the plaintiff cannot be compensated a second time for the same injury.[18]

## Nominal Damages

## Damages For The Mere Fact Of Violation

28. If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of nominal damages not to exceed the sum of one dollar.

29. Nominal damages may be awarded when the plaintiff has been deprived by the defendants of a Constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a Constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendant's conduct

---

[18] Virgo v. Lyons, 209 Conn. 497, 551 A.2d 1243 (1988).

other than the fact of a Constitutional deprivation, you may award nominal damages not to exceed one dollar.[19]

### Special Verdict With Interrogatories

34. I have prepared a verdict form for you to use in recording your decisions which contains interrogatories, or written questions about some of the issues in this case. These questions are to be answered "yes" or "no." You should answer every question on this form "except where the form indicates otherwise."

35. Your verdict must be unanimous and must reflect the conscientious judgment of each juror.

36. The defendant respectfully requests leave to supplement this request for jury instructions after the evidence has been presented and prior to the charging conference.

                              DEFENDANT
                              Dr. Immordino

                              RICHARD BLUMENTHAL
                              ATTORNEY GENERAL

BY: _____/s/_____
     Neil Parille
     Assistant Attorney General
     110 Sherman Street
     Hartford, CT  06105
     Federal Bar #ct15278
     E-Mail:  neil.parille@po.state.ct.us
     Tel: (860) 808-5450
     Fax: (860) 808-5591

---

[19]    Authority:  Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980); Williams v. Bennett, 689 F.2d 1370 (11th Cir. 1982).

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 11th day of January 2005:

Nata Bob
2055 Valentine Avenue, Apt. 2
Bronx, NY 10457

_____/s/_____
Neil Parille
Assistant Attorney General

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATA BOB | : | CIVIL NO. 3:02CV1785 (DFM) |
| V | : | |
| JOHN ARMSTRONG, ET AL. | : | JANUARY 11, 2005 |

**DEFENDANTS' PROPOSED VERDICT FORM**

We, the jury, unanimously find the following:

**Part I, Liability**

1. Did the plaintiff prove by a preponderance of the evidence that the defendant violated plaintiff's Eighth Amendment right to be free from being subjected to pain in a sadistic and malicious manner for the very purpose of causing him to suffer?

	_____ Yes         _____ No

	**If No, Go to Question 3**.

2. Did the plaintiff prove **both** (a) that he had a serious medical need, and (b) that the defendant was deliberately indifferent to that serious medical need?

	_____ Yes         _____ No

3. If your answers to question 1 or question 2 were NO, then you have completed your deliberations. Have the foreperson sign and date the form and notify the Clerk that you have a verdict.

4. If you answered yes to either question 1 or 2 above, did the defendant prove by a preponderance of evidence he reasonably believed to be acting in an objectively lawful manner and not in violation of any clearly established rights of plaintiff?

	_____ Yes         _____ No

If you answered yes to question 4, then you have completed your deliberations. You should have the foreperson sign and date the form and report to the clerk. Only if you answered yes to questions 1 or 2, and no as to question 4, then go to Part II now. Otherwise, SIGN, DATE and report your verdict.

**Part II.**     **Damages**

5.     Did the plaintiff suffer actual damages proximately caused by the violation of his constitutional rights?     Yes _____          No _____

6.     If you find that the plaintiff failed to prove actual damages from a constitutional violation and you answered "NO" to question 5, do you find an award of one dollar in nominal damages appropriate?

Yes _____          No_____

7.     If plaintiff proved by a preponderance of the evidence that he is entitled to compensatory damages, what amount is fair and reasonable?

**AMOUNT OF DAMAGES**          _____

When you have finished answering the appropriate questions on this form, you may report your verdict.

The form should be signed and dated by the foreperson.

_____          _____
          Foreperson                                        Date