UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 JAN 25 P 1: 42

U.S. DISTRICT COURT
HARTFORD, CT

NATA BOB,
        Plaintiff,

v.                                CASE NO. 3:02CV1785(DFM)

JOHN ARMSTRONG, ET AL.,
        Defendants.

PRETRIAL ORDER

It is hereby ORDERED that:

(1) Jury selection shall be held on May 3, 2005 at 10:00 a.m. Presentation of the evidence will begin on May 24, 2005.

(2) The court has allotted three days for trial. Accordingly, trial will commence on May 24, 2005 and conclude no later than May 26, 2005.

(3) A final pretrial conference shall be held in the chambers of the undersigned on May 3, 2005 at 2:00 p.m. Counsel and/or pro se parties who will try the case must attend jury selection and the final pretrial conference unless excused by the Court.

(4) By April 4, 2005, the parties shall file a Joint Trial Memorandum. **Counsel and/or pro se parties signing the memorandum must certify that it is the product of consultation between the lawyers and/or pro se parties who will be trying the case.** The Joint Trial Memorandum shall be in the form required by the District of Connecticut's Standing Order Regarding Trial Memoranda in Civil Cases (the "Standing Order"). **In addition to the material required by the Standing Order**, the Joint Trial

Memorandum shall include:

    a. <u>Witnesses</u>: See Paragraph 10 of the Standing Order. For any expert witness, each party shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection and its grounds shall be set forth in the Joint Trial Memorandum so that the objection can be addressed prior to trial.

    b. <u>Exhibits</u>: See Paragraph 11 of the Standing Order. Each party shall list in the Joint Trial Memorandum the exhibits it intends to offer at trial. The plaintiff's exhibits and the defendant's exhibits shall be listed separately. A brief description of the exhibit shall be included. The list shall indicate whether the parties agree that the exhibit may be admitted as evidence. If there is an objection to an exhibit, the proponent of the exhibit must set forth the basis for admissibility of the exhibit and the opponent must set forth the basis of the objection. Except for rebuttal and impeachment, exhibits not listed will not be admissible at trial without good cause shown.

    The parties shall exchange exhibits at least 10 days prior to the final pretrial conference. At least 5 days prior to the final pretrial conference, each party shall submit to the court an exhibit list. The exhibit list shall denote the exhibit number, a brief description of the exhibit and shall indicate

whether the parties agree that a particular exhibit should be admitted as evidence without objection.  Two courtesy copies of the exhibit list shall be provided to the court and one copy shall be delivered to the courtroom deputy clerk.  Prior to the final pretrial conference, each party shall mark its exhibits with exhibit stickers (which are available upon request from the courtroom deputy clerk).  All exhibits shall be marked numerically and say "Plaintiff" or "Defendant."  If there is more than one plaintiff or defendant, the exhibits shall identify the party offering the exhibit (e.g., Defendant Smith, Exhibit #1).  If the same exhibit is offered by more than one party, the parties shall mark only one of the exhibit by placing their respective exhibit stickers on the one exhibit (e.g., two exhibit stickers on one document: Plaintiff Jones, Exhibit #2; Defendant Smith Exhibit #5).  Each party shall prepare <u>two</u> courtesy copies of its documentary exhibits for the court's use during the hearing.  The courtesy copies shall be arranged in order in a notebook with tabs bearing the exhibit number.  Counsel shall retain the original set of exhibits until the beginning of trial.

        c.  <u>Requests for Jury Instructions</u>: See Paragraph 13 of the Standing Order.  The parties shall meet and confer for the purpose of preparing and filing agreed upon jury instructions.  The proposed jury instructions shall be submitted as an attachment to the Joint Trial Memorandum.  The proposed jury instructions should encompass all applicable rules of law.  Citations to rules and authority should be provided in footnotes.

If the parties cannot agree on a particular instruction, each party shall set forth its own proposed instruction in the joint filing, noting which party has proposed the instruction. The parties are not required to submit instructions on general issues such as role of the court, role of the jury, witness credibility, etc. Counsel shall submit to chambers a courtesy copy of the proposed jury instructions.

  d. <u>Anticipated Evidentiary Problems</u>: See Paragraph 14 of the Standing Order. Any party who elects to file a motion <u>in limine</u> shall file the motion and supporting memorandum of law by no later than April 4, 2005.

  e. <u>Proposed Findings and Conclusions</u>: In court trials, the parties shall file Proposed Findings of Fact and Conclusions of Law. The proposed conclusions of law shall include citations to relevant legal authorities.

  f. <u>Special Verdict Form or Interrogatories</u>: In jury cases, the parties shall submit as an exhibit to the Joint Trial Memorandum a proposed verdict form suitable for submission to the jury. The form may require the jury to return a special verdict with special findings as permitted by Rule 49(a) or a general verdict with or without written interrogatories as permitted by Rule 49(b). If the parties are unable to agree as to the appropriateness of a proposed form, the objecting party must state the basis for its objection and provide an alternative proposal.

  (5) The dates set forth in this order may not be changed

except by further order of the court pursuant to a written motion demonstrating good cause filed not later than five days before the date in question.

(6) A courtesy copy of the Joint Trial Memorandum shall be submitted to chambers on the day that it is filed.

SO ORDERED this 15th day of January, 2005 at Hartford, Connecticut.

Donna F. Martinez
United States Magistrate Judge