UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATA BOB | : | CIVIL NO. 3:02CV1785 (DFM) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | APRIL 4, 2005 |

## MOTION IN LIMINE

### BACKGROUND

This Motion is submitted pursuant to Section 14 of the Standing Joint Trial Memorandum Order. The Court has dismissed all claims against all defendants in this case except plaintiff's claims that Dr. Immordino violated his constitutional rights by being deliberately indifferent to his medical needs.

Dr. Immordino treated the plaintiff while he was incarcerated in the New Haven Correctional Center from April 2000 through March of 2001. The plaintiff was last seen by defendant Immordino on October 30, 2000. The plaintiff was seen again by other physicians during his incarceration at various correctional facilities until his discharge in November of 2003. He has proposed exhibits which address some of the treatment he received from various health professionals.

### ARGUMENT

    A.    **Relevance**

The plaintiff claims that the defendant was deliberately indifferent to his medical needs during the time he was incarcerated at the New Haven Correctional Center in 2000. The plaintiff had listed a number of exhibits which involve treatment he may have received after his last

contact with Dr. Immordino in October of 2000. Whatever treatment he was or was not afforded after he left the New Haven Correctional Center in March of 2001, is irrelevant to the issue of his treatment by defendant Immordino. That other physicians and medical personnel who he may have seen, saw fit to treat the plaintiff in a manner different from the defendant, does not prove the defendant was deliberately indifferent nor does it prove that the other physicians were deliberately indifferent. The jury cannot be allowed to guess which treatment, if any, is not appropriate. Arguably, based on the circumstances at the time of the treatment, the plaintiff received appropriate medical treatment (albeit different treatment) from each physician who treated him. Producing evidence which proves nothing more than the plaintiff received different forms of treatment at different times, does nothing to prove Dr. Immordino was deliberately indifferent to his needs and should be excluded as irrelevant and prejudicial. Federal Rules of Evidence, Rules 401 and 403. These documents include the following proposed exhibits by the plaintiff:

1. Medical Records of the Department of Correction dated March 1, 2001, and subsequent to that date; Plaintiff's proposed exhibits 5, 12, 13 and 14.

2. Current Medical Records including Plaintiff's proposed exhibits 15, 16, 17 and 18.

The plaintiff also proposes to introduce evidence concerning treatment he received before being treated by Dr. Immordino. Plaintiff's exhibits 1 and 2. Absent a foundation that demonstrates his medical condition was substantially the same, such evidence should also be excluded as irrelevant for the same reasons as evidence after the time he was treated by the defendant. Even if admitted, the jury shall be instructed that such evidence can only prove what treatment he received and not as evidence that Dr. Immordino's treatment was not proper.

The plaintiff also proposes to introduce a letter to him from Attorney Jane Starkowski, dated October 27, 2000. The defendant objects to this letter for several reasons including relevance. The plaintiff claims this letter proves he exhausted his administrative remedies. The defendant, however, has not raised exhaustion as an affirmative defense and, in any event, the letter of Attorney Starkowski would not prove he had exhausted. The letter is not relevant to the determination of the issue in this case. It is also prejudicial. Rules 401 and 403.

A medical bill from "Midstate Medical Center" dated April 18, 2000, prior to the plaintiff being seen by Dr. Immordino, is not relevant to the medical treatment provided by Dr. Immordino and should be excluded as irrelevant.

**B.     Authentication**

Numerous proposed exhibits are alleged to be medical records of the plaintiff. These records have not been authenticated and are objected to unless the plaintiff produces evidence of their authenticity at or before trial. Federal Rules of Evidence, Rule 901. These documents include:

**Plaintiff's Exhibits**

1.     Prescription written by Dr. Yao L. Kaledzi

2.     An evaluation by one Sherry Husney.

3.     A bill dated April 18, 2000, from Midstate Medical Center.

9.     Note by Samuel K. Mensah, M.D., dated May 22, 2000.

12.    Physician's Orders, entries dated April 20, 2001, April 23, 2001, June 7, 2001, June 8, 2001, July 19, 2001 and October 22, 2001.

15.    Letter from Yao L. Kaledzi, M.D., dated February 12, 2005.

16.    Prescription of Yao Leonard Kaledzi, M.D., dated March 2, 2005.

17. Note of Yao Leonard Kaledzi, dated March 2, 2005.

18. Prescription of Yao Leonard Kaledzi, M.D., for Occupational Therapy, dated March 2, 2005.

**C.** **Hearsay**

The letter of Attorney Starkowski is hearsay and should be excluded under Rule 802 of the Rules of Evidence.

**Conclusion**

The above evidence should be excluded from being entered into evidence for the reasons stated.

        DEFENDANT
        Dr. Peter Immordino


        RICHARD BLUMENTHAL
        ATTORNEY GENERAL


BY:_____/s/_____
        Michael J. Lanoue
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Federal Bar #ct05195
        E-Mail: michael.lanoue@po.state.ct.us
        Tel: (860) 808-5450
        Fax: (860) 808-5591

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 4th day of April 2005:

Nata S. Bob
2055 Valentine Avenue, Apt. 2
Bronx, NY 10457

_____/s/_____
Michael J. Lanoue
Assistant Attorney General