**Honorable Donna F. Martinez**
**United States Magistrate Judge**
United States District Court
District of Connecticut

FILED

2005 APR 29 P 2: 58

Abraham A. Ribicoff Federal Building
   and United States Courthouse
450 Main Street
Hartford, CT 06103

(860) 240-3605

Mr. Nata S. Bob
2055 Valentine Ave., Apt. 2
Bronx, NY 10457

Re: <u>Bob v. Armstrong</u>, 3:02CV01785 (DFM)

Dear Mr. Bob

    This case is currently scheduled for a jury trial to commence on May 24, 2005. Because you are representing yourself, the court wants to explain trial procedures so that less time will be needed for such explanations at trial.

    Trials are complicated. This explanation is meant to make the trial more understandable, but the judge cannot make it less complicated. This explanation is not meant to teach you how to make a record for an appeal. It is meant to help you understand the trial procedures.

    This is the order in which things will happen if trial goes all the way from start to finish:

    1.   Jury selection (to be held on May 3, 2005);
    2.   Preliminary instructions (in which the judge tells the jury what the case is about, and how the trial will proceed);
    3.   Your case in chief (your witnesses - including you - and your exhibits);
    4.   Motion for judgment as a matter of law, or for directed verdict;
    5.   Defense case in chief;
    6.   Final instructions conference;
    7.   Final arguments;
    8.   Final instructions from judge to jury;
    9.   Jury deliberations;
    10.  Verdict.

*[Handwritten margin note:]* The Clerk of the Court shall docket this letter. SO ORDERED. 4/29/05

*Role of the Judge*

I will not act as your attorney. My role is to assure that the trial proceeds in an orderly manner, and that you (as well as the defense) have as full an opportunity to be heard as the rules of procedure and evidence allow. Do not expect me to advise you as to how to proceed, or what topics to cover while testifying, or what questions to ask witnesses.

Trial will be conducted consistent with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. No one can predict in advance exactly which rules will come into play, but some of the rules that most frequently come into play in cases such as this one are attached to this letter. The judge is required to follow these rules, and so are the trial participants, including you.

*Behavior in Court*

You will be treated politely and with courtesy in court and I expect you to treat others in court the same way. The judge and the people who work in the court will do all they can to be sure the case goes smoothly and that you are able to have your day in court, but their main job is to be sure that the jury can do its job.

*Arranging for Witnesses*

Do not wait until the trial to arrange your witnesses. I will not delay trial to let you arrange for witnesses that you could have arranged for earlier. You should start arranging your witnesses as soon as the court schedules your trial date.

*Subpoenas.* To subpoena a witness, you must pay the witness a witness fee plus mileage to and from the courthouse. The fee for mileage is set by federal law and changes from time to time; it is about 40 cents per mile. You have to pay witness fees even if you filed your case *in forma pauperis*. The court does not have the power to order a witness to give up the statutory witness fee. You must serve the subpoena (together with the witness fee) yourself. You should remember that the people you sued are not required by law to attend the trial just because they were sued. They might attend, but unless you serve a legal subpoena (which includes the witness fee), they do not have to be there.

*Inmate Witnesses.* You do not have to serve a subpoena

or pay a witness fee for a witness who is in custody. If you want the testimony of a prisoner, you must ask the court to issue an order to have the prisoner produced. You must make this request several weeks before trial, so the necessary arrangements can be made. You must tell the court the prisoner's name, the prisoner's DOC number if you have it (the wrong person might be produced if you do not have the DOC number, and I will not stop the trial for you if that happens), the institution where the prisoner may be found, and why you want that person. Do not expect me to order several prisoners produced to testify to the same thing. I cannot order the production of a prisoner held in a state other than Connecticut.

*Jury Selection*

A large number of prospective jurors will be called for jury selection. The group of prospective jurors is called the *venire*. You and the lawyer for the defense will be given a random list of the prospective jurors.

I will ask all the questions of the venire. If it appears that some person on the venire cannot serve as a fair juror in this case, then I will propose to excuse that person. After I finish my questions, I will offer you and the lawyer for the defense a chance to propose follow-up questions. But remember, only I will be asking questions of the prospective jurors.

After all the questions have been asked, I will talk with you and the lawyer for the defense about *challenges*. A *challenge* is the method by which people are removed from the venire. There are two types of challenges.

A *challenge for cause* is based on the belief that a particular person simply cannot be fair to both sides in that particular case. A person making a challenge for cause generally must be able to point to something the prospective juror said as demonstrating that he or she cannot be fair. You will have the chance to object to any challenges for cause the defense makes, and the defense will have the chance to object to any challenges for cause you make. The judge decides whether the person should be removed (meaning that the judge decides whether she is persuaded that the challenged person cannot be fair). There is no limit on the number of challenges for cause that may be made.

A *peremptory challenge* is one that a party can make without stating a reason. You may excuse 0, 1, 2, or 3

people with peremptory challenges, but you cannot excuse more than 3. The lawyer for the defense may excuse as many as 3 under this procedure, too. Reasons generally do not have to be stated for a peremptory challenge. *A peremptory challenge may not be based on the prospective juror's race, sex, or national origin*. If the lawyer for the defense says you have based a peremptory challenge on race, sex, or national origin, the judge may require you to state your reason for challenging that person. If you think the lawyer for the defense based a peremptory challenge on race, sex, or national origin, tell the judge.

This is how challenges will be exercised: Out of the presence of the jury, the court will first ask you if you have any *challenges for cause* to make. If you do, tell me which jurors you challenge, and why you think they cannot be fair. The lawyer for the defense will have a chance to respond to your challenges, and also to make any challenges for cause for the defense. You will have the chance to object to any challenges for cause made by the lawyer for the defense, and I will rule.

The court will then permit you to make your peremptory challenges. The court will go back and forth between you and the lawyer for the defense until both sides have used all 3 of their peremptory challenges or decided that they do not wish to use them.

### Opening Statement

On May 24, 2005, the court will begin the evidence portion of the trial. In this case, instead of opening statements by the lawyers and/or parties to the case, the court will read a short description of the claims and defenses of each party.

### Your Case in Chief

After the court's description of the claims and defenses, you may present your evidence. This is called the plaintiff's *case in chief*. Your case in chief may consist only of your testimony, or it may include testimony of other witnesses. If you have other witnesses, tell the judge the order in which you want to present your evidence: who will testify first, second, third, and so on. This will help keep the trial moving and keep the jury from getting bored while waiting in the jury room for everyone in the courtroom to be ready.

If you call a witness to testify, you must ask

questions for the witness to answer. You cannot tell the witness (or the jury) facts while the witness is testifying; the witness is to testify to facts in response to your questions. This is called *direct examination*. When you are finished with your questioning of the witness, tell the judge. The lawyer for the defense will then ask questions of the witness. This is called *cross examination*. After the cross examination is done, you may ask more questions in what is called *redirect examination*, but those questions must be related to something discussed on cross examination. If you ask questions on redirect examination, the lawyer for the defense will be offered a chance to ask more questions on *recross examination*.

If you testify as a witness in this case, you will have to ask questions of yourself. This is so that the lawyer for the defendant will have an opportunity to make an objection. You will ask a question and then proceed to answer it. Your testimony will have to comply with all the rules of evidence and procedure, which means that there may be objections raised during your testimony. If I sustain an objection, I am ruling that you cannot talk about whatever was objected to. If you do not understand what it is you are not allowed to talk about, you may ask me.

Let me know when you are done with your testimony. I will then ask the lawyer for the defense if there is any cross examination, and you might be cross examined by the other side. If so, you will be given a chance to give more testimony on redirect examination.

I *will not* remind you of topics to testify about. If I did that, I would be acting as your advocate. So if your case is about things that happened on a Monday and a Tuesday, and you only testify about Monday, I will not remind you to talk about Tuesday.

You should also remember that papers you may have filed with the court before trial are not evidence. If you want the jury to consider some paper, you have to list it as an exhibit in the list of exhibits, and offer it into evidence at trial. To offer an exhibit into evidence, you might need a witness who can tell the jury what the exhibit is.

*Motion for Judgment as a Matter of Law,*
*or Directed Verdict*

When you have finished presenting your evidence, the lawyer for the defense may make a motion for judgment as a matter of law, or move for a directed verdict. These are two names for the same motion. The motion asks the judge to decide whether the law would let you win your case if the jury believes all your evidence. The judge will grant the motion if you did not present evidence on some fact you have to prove. The judge will grant the motion if your case does not amount to a constitutional violation. The judge will give you a chance to respond to the motion by explaining why you think your evidence is sufficient to allow a jury to decide for you.

*Defense Case in Chief and Rebuttal*

If the judge does not grant judgment to the defense as a matter of law, then the lawyer for the defense will have a chance to call witnesses and present evidence. This is called the *defense's case in chief*. You will have the chance to cross examine any witnesses called by the lawyer for the defense.

If something new is raised in the defense's case in chief, the judge may let you present more evidence on that new topic. This is called the *rebuttal* stage of the trial. If you want to present rebuttal evidence after the defense case in chief, ask the judge. You should know, though, that I probably will not allow the trial to be delayed to let you get rebuttal witnesses to court.

*Charge Conference*

The charge conference is held with the jury out of the room, after or near the end of all the evidence. I will tell you and the lawyer for the defense, in writing, the instructions on the law I plan to give to the jury. I will give you a chance to object to what I plan to tell the jury about the law. The lawyer for the defense will have the chance to object too. At the end of the charge conference, you will know what I will be telling the jury about the law after the final arguments.

*Final Argument*

After all the evidence is complete, you and the lawyer for the defense will be allowed to make final arguments. In final argument, you may comment on any evidence that was

presented at trial, and may tell the jury what you think that evidence means. You are not allowed to tell the jury any new facts about the case during final argument - the evidence is over by this point.

Because you have the job of convincing the jury, you will have the right to open the final arguments and to close them. This means that you will speak first, then the lawyer for the defense will speak, and then you may speak again to respond to what the lawyer for the defense said. I will put a time limit on the final arguments.

I hope this letter was helpful and will prevent any confusion as to the process or procedures of the trial

Very truly yours,

Donna F. Martinez
United States Magistrate Judge

cc:  Michael J. Lanoue, Esq.

**Federal Rule of Civil Procedure 50(a) ("Judgment as a Matter of Law")**
(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

**Federal Rule of Evidence 401 ("Definition of Relevant Evidence")**
"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

**Federal Rule of Evidence 402 ("Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible")**
All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

**Federal Rule of Evidence 403 ("Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time")**
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

**Federal Rule of Evidence 602 ("Lack of Personal Knowledge")**
A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.

**Federal Rule of Evidence 609 ("Impeachment by Evidence of Conviction of Crime")**
(a) General rule. For the purpose of attacking the credibility of a witness,
(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
(b) Time limit. Evidence of a conviction under this rule is not admissible if a period of

more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

    **(c) Effect of pardon, annulment, or certificate of rehabilitation.** . . .

    **(d) Juvenile adjudications.** Evidence of juvenile adjudications is generally not admissible under this rule. . . .

    **(e) Pendency of appeal.** The pendency of an appeal therefrom does not render evidence of a conviction inadmissible. Evidence of the pendency of an appeal is admissible.

**Federal Rule of Evidence 611 ("Mode and Order of Interrogation and Presentation")**

    **(a) Control by court.** The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

    **(b) Scope of cross-examination.** Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.

    **(c) Leading questions.** Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading question.

**Federal Rule of Evidence 701 ("Opinion Testimony by Lay Witnesses")**

    If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

**Federal Rule of Evidence 801 ("Definitions")**

    The following definitions apply under this article:

    **(a) Statement.** A "statement" is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.

    **(b) Declarant.** A "declarant" is a person who makes a statement.

    **(c) Hearsay.** "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

    **(d) Statements which are not hearsay.** A statement is not hearsay if —

        **(1) Prior statement by witness.** The declarant testifies at the trial or hearing and

is subject to cross-examination concerning the statement, and statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving the person; or

    **(2) Admission by party-opponent.** The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or relationship, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

**Federal Rule of Evidence 802 ("Hearsay Rule")**

    Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.