UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATA BOB | : | CIVIL NO. 3:02CV1785 (DFM) |
| v. | : | |
| PETER IMMORDINO | : | SEPTEMBER 15, 2005 |

**JOINT TRIAL MEMORANDUM**

### I.     Trial Counsel

Trial counsel for the plaintiff, Nata S. Bob, will be:

| | |
|---|---|
| Michael G. Considine | Jonathan B. Tropp |
| Federal Bar #ct16023 | Federal Bar #ct11295 |
| Day, Berry & Howard LLP | Day, Berry & Howard LLP |
| One Canterbury Green | One Canterbury Green |
| Stamford, CT 06901 | Stamford, CT 06901 |
| Tel.: (203) 977-7300 | Tel.: (203) 977-7300 |

The trial counsel for the defendant, Dr. Peter Immordino, will be:

| | |
|---|---|
| Michael J. Lanoue | Neil Parille |
| Assistant Attorney General | Assistant Attorney General |
| Federal Bar #ct05195 | Federal Bar #ct15278 |
| 110 Sherman Street | 110 Sherman Street |
| Hartford, CT 06105 | Hartford, CT 06105 |
| Tel: (860) 808-5450 | Tel: (860) 808-5450 |

### II.     Jurisdiction

42 U.S.C. § 1983

28 U.S.C. § 1343(a)(3)

### III.     Jury / Non-Jury

This is a jury case.

**IV.     Nature of the Case**

This is a civil rights action in which the plaintiff claims his constitutional right to be free from cruel and unusual punishment pursuant to the Eighth Amendment to the Constitution was violated by the defendant.  More specifically, plaintiff, who was incarcerated for a period of many months at the New Haven Correctional Facility, alleges that the defendant, a medical doctor on staff at that facility, was deliberately indifferent to pain in his left hand and wrist caused by handcuffing that exacerbated a preexisting injury, and defendant refused to request Celebrex, which had been an effective pain medication for plaintiff, despite plaintiff's repeated requests.  At issue is whether the defendant was deliberately indifferent to the plaintiff's serious medical need.

**V.     Stipulations of Fact and Law**

The parties stipulate to the following facts:

1.     In 1998, the plaintiff, Nata Bob, had two surgeries on his left wrist due to a work-related accident.

2.     Mr. Bob was arrested by the Meriden police on April 10, 2000.

3.     Mr. Bob was incarcerated at the New Haven Correctional Center from April 11, 2000 to May 19, 2000, and again from June 7, 2000 to March 23, 2001.

4.     Department of Corrections records establish that Mr. Bob may have been transported to and from court on the following occasions during his incarceration at New Haven Correctional Center, although they do not establish whether he was in fact taken to court on any specific date: 4/11/00, 4/18/00, 5/2/00, 5/4/00, 5/19/00, 6/7/00, 6/30/00, 7/5/00, 7/7/00, 7/28/00, 8/2/00, 8/9/00, 8/18/00, 9/6/00, 9/15/00, 9/27/00, 10/20/00, 10/27/00, 11/13/00, 11/29/00, 12/19/00, 12/21/00, 12/22/00, 1/10/01, 1/18/01, 1/23/01, 1/24/01, 1/29/01, 1/31/01, 2/2/01, 2/8/01, 3/7/01, and 3/21/01.

5.    Mr. Bob was transferred to the Carl Robinson Correctional Institution on March 23, 2001, to the Hartford Correctional Center on May 29, 2002 and to the Osborn Correctional Institution on July 1, 2002.

6.    Mr. Bob was discharged from the Department of Correction on November 24, 2003.

7.    Dr. Peter Immordino is a licensed, practicing physician in the State of Connecticut and has been so since 1971.    Prior to that time, Dr. Immordino was licensed to practice medicine in New York.

8.    Dr. Immordino received his medical degree from Columbia University.

9.    Dr. Immordino is board certified in General Surgery.

10.    Dr. Immordino is presently employed by the University of Connecticut and provides medical services to the Department of Correction and began performing these duties in 2000.

11.    Most of Dr. Immordino's services have been performed at the New Haven Correctional Center.

12.    On May 1, 2000, Mr. Bob informed Dr. Immordino of a two-year old injury to his left hand, which Mr. Bob stated occurred when he scraped his hand causing foreign bodies to enter his hand.  Mr. Bob also informed Dr. Immordino at that time that he had had two surgeries prior to his incarceration to remove these foreign bodies, that he had been prescribed Celebrex for his pain in the past, and that he was then in pain.

13.    Mr. Bob had two surgeries prior to his incarceration to remove the foreign bodies and had been prescribed Celebrex 200mg for pain prior to incarceration.

14.    Celebrex and Motrin are different non-steroidal, anti-inflammatory agents used to control pain and inflammation.

15.    Dr. Immordino's initial examination resulted in an order for Motrin 200mg every three hours as needed for pain and a sling for his hand.

16.    On July 26, 2000, Mr. Bob complained about his eyesight and Dr. Immordino referred the plaintiff to a specialist.

17.    On August 31, 2000, Mr. Bob complained that he had "boils." Dr. Immordino noted lymphodenopathy, which is swelling of inflamed lymph

nodes.   Dr. Immordino aspirated the lymph nodes utilizing a local anesthetic and then sent the aspirate for a culture.

18.    Dr. Immordino saw Mr. Bob again on September 7, 2000, and the lymph node had reduced.  Dr. Immordino requested to see the plaintiff a week later.

19.    On October 31, 2000, Dr. Immordino saw Mr. Bob again concerning his wrist.  Dr. Immordino observed a full range of motion; no deformity; a question of decreased sensation, left index middle finger; healed laceration (scar) of the dorsum, and possible sensory loss.

20.    Dr. Immordino did not see Mr. Bob again after October 31, 2000.

21.    Defendant's employer, The University of Connecticut Correctional Managed Health Care program, has a list of formulary drugs which can be prescribed without approval of a Utilization Review Committee.  This list is prepared by physicians and normally includes one drug within a class of drugs.  If a physician desires to prescribe a drug not on the list, he must submit a request identifying the reasons such drug would be appropriate.

22.    At the time Dr. Immordino saw the plaintiff, Motrin was on the formulary list; Celebrex was not.

## VI.    Plaintiff's Contentions

The plaintiff contends the defendant showed deliberate indifference to his serious medical needs by refusing to provide adequate treatment for the pain in his hand and wrist.  Dr. Immordino was aware of Mr. Bob's complaints on numerous occasions of severe pain, was aware that Celebrex had previously been effectively prescribed to Mr. Bob for such pain, and that Motrin was ineffective for Mr. Bob's pain and caused him stomach upset.  Nevertheless, Dr. Immordino refused to prescribe Celebrex for Mr. Bob or to submit a request that he be given a non-formulary prescription.  Dr. Immordino informed Mr. Bob that it would be too costly to provide an off-formulary medication.

71304304.2 099998-93310
September 15, 2005 1:08 PM

## VII.     Defendant's Contentions

The defendant Dr. Imordino denies the plaintiff's allgations. Further, the defendant contends that he made a full examination of the plaintiff's hand and wrist and, after examination, concluded that it was unlikely that plaintiff had any significant pain. The defendant prescribed Motrin for pain on an as needed basis. The defendant further contends that the plaintiff never indicated that Motrin was ineffective in controlling his pain or that it caused stomach irritation. Because Motrin was effective and did not produce any side effects, the defendant did not request permission to prescribe Celebrex. The defendant denies that his treatment of the plaintiff was in any way influenced by cost.

## VIII.     Legal Issues

Plaintiff contends that the only legal issue to be determined at trial is whether the defendant was deliberately indifferent to plaintiff's serious medical needs.

Defendant contends that there are three legal issues to be determined at trial: (1) Did plaintiff have a serious medical condition?, (2) Was the defendant deliberately indifferent to plaintiff's serious medical need?, and (3) Is the defendant entitled to qualified immunity?

## IX.     Voir Dire Questions

1.     Do you, or does any member of your family, know the plaintiff, defendant, attorneys or any of the named witnesses in this case?

2.     This case involves a claim by a former prison inmate alleging deliberate indifference to serious medical need in violation of the United States Constitution. The defendant is a physician employed by the University of Connecticut Health Center to provide healthcare to prisoners. Have you or has any member of your family had any experience with any prison, prisoner or prison official which would prevent you from considering the evidence impartially and fairly?

5

3.    Will you have any difficulty treating the plaintiff fairly and impartially because he used to be in prison?

4.    The Court will instruct you on the law that you must apply to the facts as you find them. Are you willing to take your entire instruction on the law from the Court?

5.    Does anyone believe that monetary damages must be awarded to the plaintiff just because he has filed a lawsuit?

6.    A portion of the testimony in this case will come from doctors or other medical personnel and prison employees. Have you or has any member of your family had a personal experience, whether positive or negative, that would make it difficult for you to consider their testimony fairly and impartially, giving them neither more credit nor less credit that their testimony would otherwise deserve?

7.    (a). Is any member of your close family an attorney?

       (b). Do you or does any member of your close family work for an attorney?

       (c). Is any member of your close family a doctor?

       (d). Do you or does any member of your close family work for a doctor?

       (e). Is any member of your close family a police officer or employed in the correctional system?

       (f). Have you or has any member of your family been incarcerated?

8.    Have you or has any member of your close family ever been in a dispute with a state official, correctional officer or physician?

9.    Have you ever been a party in a lawsuit or has any member of your close family ever been a party in a lawsuit?

71304304.2 099998-93310
September 15, 2005 1:08 PM

10.    Have you ever served on a jury before?  What was your experience?

11.    The plaintiff was born in Gambia and came to the U.S. as an adult.  Do you believe that

Mr. Bob's nationality will make it difficult for you to treat him fairly and impartially?

12.    The plaintiff has a moderate accent.

(a)  Do you believe that you will be able to consider his testimony fairly and impartially

despite his accent?

(b)  If you have difficulty understanding Mr. Bob's testimony because of his accent, will

you be willing to alert the Court?

In addition, defendant requests the following question:

13.    The Court will instruct you that the defendant must be judged on the basis of his own

conduct.  Does anyone believe that they will have difficulty accepting that instruction?

Plaintiff opposes this question as out of context and an incorrect recitation of the law.

X.     **Witnesses**

A.     **Defendant's Witnesses**

Defendant Dr. Peter Immordino is expected to testify as to his proper treatment of the plaintiff, the requirements of his employer as to the prescription of medication, his knowledge of correctional medicine and the community standard of care as it relates to his treatment of the plaintiff.  Duration of testimony:  two to three hours.

Dr. Edward Blanchette is expected to testify as to his expertise in treating inmates held within correctional institutions, his expert opinion as to proper treatment of plaintiff's condition, the requirements of the Department of Correction as to the

prescribing of pain medication and the community standard of care as it relates to plaintiff's condition. He will testify as to the proper treatment of the plaintiff by the defendant. Dr. Blanchette will rely on the medical records of the plaintiff. He will also testify as a fact witness regarding the creation and use of the formulary list. Duration of testimony: one to two hours.

OBJECTION: Plaintiff objects to Dr. Blanchette's proposed testimony other than as a fact witness concerning the formulary pursuant to F.R.E. 402 as irrelevant and F.R.E. 403 as unfairly prejudicial, confusing, and wasteful of the jury's time. This is not a medical malpractice case. There is no issue in the case concerning whether Dr. Immordino's treatment of Mr. Bob met the medical standard of care, let alone a purportedly lower standard related to the prison community. While a claim of deliberate indifference to serious medical need has an objective component as well as a subjective component, the objective component concerns only whether the alleged deprivation was sufficiently serious. Dr. Blanchette's testimony does not address that issue (nor does it or can it address the subjective component of the issue) and is therefore improper.

Nurse Erslaine Edwards, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to the plaintiff's intake screening on April 11, 2000, and plaintiff's complaints. Duration of testimony: less than one hour.

Nurse Elizabeth Dunay, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to the plaintiff's intake screening on June 7, 2000. Duration of testimony: less than one hour.

Nurse Charlene DeCompos, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to plaintiff's complaints and treatment in 2000 at New Haven Correctional Center. Duration of testimony: less than one hour.

Virginia Oakley, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to her knowledge of the plaintiff's medical treatment and grievances during 2000 at the New Haven Correctional Center. Duration of testimony; less than one hour.

Nurse Joanne Grudup, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to the medical treatment of the plaintiff during 2000 at the New Haven Correctional Center.

Nurse Lisa Clark, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to the medical treatment of the plaintiff during 2000 at New Haven Correctional Center. Duration of testimony: less than one hour.

71304304.2 099998-93310
September 15, 2005 1:08 PM

Nurse Arlene Lewis, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to the plaintiff's treatment while at New Haven Correctional Center. Duration of testimony: less than one hour.

OBJECTION: While plaintiff has no objection to the testimony of any of the foregoing nurses individually, plaintiff reserves the right to object to their testimony pursuant to F.R.E. 403 as cumulative or otherwise wasteful of the jury's time.

Department of Correction Records Specialist(s), 24 Wolcott Hill Road, Wethersfield, CT 06109 are expected to authenticate plaintiff's central and medical records (if necessary). Duration of testimony: less than one hour.

Dr. Omprakash Pillai, 24 Wolcott Hill Road, Wethersfield, CT 06109 is expected to testify as to plaintiff's medical treatment at Osborn Correctional Institution from 2001 to 2003. Duration of testimony: one to two hours.

Dr. Germain Bianchi, 24 Wolcott Hill Road, Wethersfield, CT 06109, is expected to testify as an expert as to his and the defendant's appropriate treatment of the plaintiff. Duration of testimony: less than one hour.

OBJECTION: Plaintiff has no objection to Dr. Bianchi's testimony as a fact witness concerning his own treatment of plaintiff. Plaintiff does, however, object to Dr. Bianchi testifying as an expert concerning the "appropriate" treatment of the plaintiff for the reasons set forth above with respect to Dr. Blanchette.

The defendant respectfully requests the right to call rebuttal witnesses or supplement this list for good cause shown. Conversely, depending on the course of the trial, defendant may not call all of the witnesses on this list.

**B.**   **Plaintiff's Witnesses**

1.      The plaintiff will testify as to the allegations of his complaint as they relate to his claim against Dr. Immordino. Mr. Bob is expected to explain the circumstances of his injury, the circumstances of his incarceration, his repeated handcuffings for trips to court, the treatment he received for the pain in his wrist and hand (before, during and after his incarceration at the New Haven Correctional facility), his complaints regarding his pain and the inadequacy of his treatment while at the New Haven Correctional Facility, and Dr. Immordino's refusal to provide Mr. Bob with the treatment he needed. Expected duration of testimony: 3 hours.

71304304.2 099998-93310
September 15, 2005 1:22 PM

**B.**    **Defendant's Exhibits**

**NOTE:** Exhibits containing evidence after October of 2000 may or may not be entered into evidence by the defendant at trial, depending on evidence provided by the plaintiff at trial and evidentiary rulings of the Court. Such exhibits are listed as contingent exhibits for this reason. Plaintiff has no objection to defendant's proposed exhibits.

1.    Department of Correction Medical - Clinical Record of the plaintiff from April 11, 2000 to July 9, 2003

2.    Department of Correction Medical - Physician's Orders relating to the plaintiff from April 11, 2000 to August 29, 2002

3.    Department of Correction Medical - Plaintiff's Diagnostic Radiologic Report, typed April 30, 2001 of Plaintiff's Left Wrist, PA, Lateral and Oblique views.

4.    Medical - Department of Correction Facilities Non-Formulary or Restricted Drug Request dated April 26, 2001

5.    Medical – Department of Correction Medication Reports of the plaintiff from April 12, 2000 to September 30, 2003

6.    Plaintiff's Medical Intake Health Screening Record of April 11, 2000

7.    Plaintiff's Medical Intake Health Screening Record of June 7, 2000

8.    Inmate Grievance of Plaintiff, Plaintiff's Exhibit 10, November 3, 2000

**C.**    **Plaintiff's Exhibits**[1]

1.    Prescription written by Dr. Yao L. Kaledzi dated May 22, 2000.

Defendant objects to relevance, as set forth in his motion in limine. Plaintiff submits that this document is relevant to show plaintiff's consistency of complaint and his effort to obtain medical care as soon as he was released from custody and his reliance on the defendant for medical care.

---

[1] The defendant raised objections to numerous plaintiff's exhibits as set forth in his Motion in Limine, dated April 4, 2005. Objections to Exhibits 11 and 14-18 are moot. Remaining objections other than as to authenticity, which will be established at trial, are set forth in connection with each exhibit. For consistency with the motion in limine on file, exhibits have not been renumbered to reflect deleted exhibits.

71304304.2 099998-93310
September 15, 2005 1:08 PM

2.      An evaluation by one Sherry Husney dated June 2, 2000.

Defendant objects to relevance, as set forth in his motion in limine.  Plaintiff submits that this document is relevant to show plaintiff's consistency of complaint and his effort to obtain medical care as soon as he was released from custody and his reliance on the defendant for medical care.

3.      A bill dated April 18, 2000, from Midstate Medical Center.

Defendant objects to relevance as set forth in his motion in limine.  Plaintiff submits that this document is relevant to show plaintiff's serious need for medical care at the time of his incarceration, his treatment with Celebrex at the time of his incarceration, and the cost differential between Celebrex and other pain medications, which plaintiff claims was an element of defendant's subjective thought process.

4.      [Deleted as within Ex. 20.]

5.      [Deleted as within Ex. 20.]

6.      [Deleted as within Ex. 20.]

7.      [Deleted as within Ex. 21.]

8.      [Deleted as within Ex. 20.]

9.      Note by Samuel K. Mensah, M.D., dated May 22, 2000.

10.     Inmate Grievance, dated November 8, 2000.

11.     [Deleted.]

12.     [Deleted as within Ex. 21.]

13.     Department of Correction Non-Formulary or Restricted Drug Request, dated July 19, 2001.

        Defendant objects to relevance as set forth in his motion in limine.  Plaintiff submits that this document is relevant to show the ready availability of Celebrex treatment during his incarceration, notwithstanding the prison's formulary program.

14-18.  [Deleted.]

19.     Medical - Department of Correction Facilities Non-Formulary or Restricted Drug Request dated April 26, 2001

71304304.2 099998-93310
September 15, 2005 1:08 PM

Defendant objects to relevance of this exhibit. Plaintiff submits that this document is relevant to show the ready availability of Celebrex treatment during his incarceration, notwithstanding the prison's formulary program.

20. Department of Correction Medical - Clinical Record of the plaintiff from April 11, 2000 to July 9, 2003

Defendant objects to the portion of the exhibit beyond October 31, 2000, the last date on which Dr. Immordino saw Mr. Bob, as irrelevant and prejudicial. Plaintiff submits that this document is relevant to show the ready availability of Celebrex treatment during his incarceration, notwithstanding the prison's formulary program. Further, plaintiff submits that it is not necessary or appropriate to redact this exhibit, which is a continuous record.

21. Department of Correction Medical - Physician's Orders relating to the plaintiff from April 11, 2000 to August 29, 2002

Defendant objects to the portion of the exhibit beyond October 31, 2000, the last date on which Dr. Immordino saw Mr. Bob, as irrelevant and prejudicial. Plaintiff submits that this document is relevant to show the ready availability of Celebrex treatment during his incarceration, notwithstanding the prison's formulary program. Further, plaintiff submits that it is not necessary or appropriate to redact this exhibit, which is a continuous record.

22. Medical – Department of Correction Medication Reports of the plaintiff from April 12, 2000 to September 30, 2003

Defendant objects to the portion of the exhibit beyond October 31, 2000, the last date on which Dr. Immordino saw Mr. Bob, as irrelevant and prejudicial. Plaintiff submits that this document is relevant to show the ready availability of Celebrex treatment during his incarceration, notwithstanding the prison's formulary program. Further, plaintiff submits that it is not necessary or appropriate to redact this exhibit, which is a continuous record.

23. Plaintiff's Medical Intake Health Screening Record of April 11, 2000

24. Plaintiff's Medical Intake Health Screening Record of June 7, 2000

25. Physician's Desk Reference

## XI.     **Deposition Testimony**

Plaintiff may use the portion of Dr. Immordino's testimony stating that he considers the Physician's Desk Reference to be authoritative (transcript citation not yet available). Otherwise, none, other than for impeachment purposes.

## XII.       Request for Jury Instructions

### Deliberate Indifference To Serious Medical Needs

The question you must answer is:  Did the plaintiff Nata Bob prove by a preponderance of the evidence (1) that the deprivation alleged is "objectively sufficiently serious" such that Mr. Bob was denied "the minimal civilized measure of life's necessities," and (2) that the defendant Dr. Immordino possessed a "sufficiently culpable state of mind" associated with "the unnecessary and wanton infliction of pain?"

See Trammel v. Keane,  338 F.3d 1555 (2d Cir. 2003).

1.      Inadvertent failure to provide adequate medical care is not an unnecessary and wanton infliction of pain.[5]  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."[6]  The civil rights statute was not meant to redress medical malpractice claims.[7]  Inmates do not have a constitutional right to the medical treatment of their choice.[8]  Thus, mere disagreement with prison officials about what constitutes appropriate medical care does not alone state a claim cognizable under the Eighth Amendment.[9]  Similarly,

---

[5]      Id., at 105.

[6]      Estelle v. Gamble, supra, 429 U.S. at 106.

[7]      Tomarkin, 534 F.Supp. at 1230-31.

[8]      Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986) ("correctional facility is not a health spa, but a prison in which convicted felons are incarcerated.").

[9]      Ross v. Kelly, 784 F.Supp. 35, 44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992).

13

the fact that two medical doctors may not agree on the proper treatment required does not alone necessarily make either doctor deliberately indifferent.

2.    However, an inmate must rely upon prison authorities to treat his serious medical needs; if the authorities deliberately fail to do so, those needs will not be met, and the eighth amendment cruel and unusual punishment clause has been violated, as I will explain further.[10] Deliberate indifference to serious medical needs of prisoners  constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.[11]  This is true whether the indifference is manifested by intentionally denying or delaying access to medical care.[12]

3.    In order for the plaintiff to prevail on his claim of a deliberate indifference by the defendant to the plaintiff's serious medical needs, plaintiff bears the burden of proof and must meet both prongs of a  two-prong  standard.

(1)  First, the alleged deprivation must be, in objective terms, "sufficiently serious."[13]

(2)  Second, the charged employee or official must be personally involved, as I explained before, and also must act with a sufficiently culpable state of mind.[14]  Deliberate indifference requires more than negligence.  "A prison official does not act in a deliberately indifferent manner unless the official knows of and disregards an excessive risk to inmate health and safety;

---

[10]    Estelle v. Gamble , 429 U.S. 97 (1976)

[11]    Gregg v. Georgia, 428 U.S. 153 (1976)

[12]    Estelle v.  Gamble, supra, 429 U.S. at 104-05

[13]    Hathaway v. Coughlin, 37 F.3d 63 (2d Cir. 1994); Wilson v. Seiter, 501 U.S. 294, 298 (1991).

[14]    See Wilson v. Seiter, supra, 501 U.S. at 298.

14

the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[15]    Deliberate indifference does not, however, require that the official act for "the very purpose of causing harm or with knowledge that harm will result."[16]

**Plaintiff further requests the following instruction, to which defendant objects as an incorrect statement of the law.**

4.    Indeed, adopting a course of treatment for financial reasons, rather than as a result of sound medical judgment, may satisfy the subjective component of deliberate indifference. <u>Bob v. Armstrong</u>, No. 02cv1785(RNC), slip op. at 5 (D. Conn. Aug. 27, 2003) (citing <u>Chance v. Armstrong</u>, 143 F.3d 698, 702-04 (2d Cir. 1998)).    Thus, if you find that Dr. Immordino was induced by financial rather than medical considerations to ignore a substantial risk of harm to Mr. Bob , you may find that Dr. Immordino was deliberately indifferent. <u>Id.</u>, slip op. at 6.

**Defendant further requests the following instruction, to which plaintiff objects as too narrow.**

5.    If you find that Dr. Immordino believed that Motrin was effective in treating the plaintiff's complaints of pain, then you may not find Dr. Immordino deliberately indifferent to the plaintiff's medical condition.    Conversely, if you find that Dr. Immordino believed that Motrin was not effective and refused to request approval to prescribe Celebrex because of its

---

[15]    <u>Farmer v. Brennan</u>, 511 U.S. 825, 838 (1994). <u>Hathaway v. Coughlin</u>, <u>supra</u>, 37 F.3d 63 (2d Cir. 1994).

[16]    <u>Farmer</u>, 511 U.S. at 835.

71304304.2 099998-93310
September 15, 2005 1:08 PM

cost, then you may find that Dr. Immordino was deliberately indifferent to the plaintiff's medical needs so long as you also find that the plaintiff's medical condition was serious.

**Defendant further requests the following additional instruction, to which plaintiff objects as redundant of those already proposed.**

6.      "[A] prisoner's disagreement with his prescribed treatment does not afford a basis for relief under §1983."[17]  Prisoners have no right to the medical treatment of their choice, so long as the prescribed treatment is based on applicable medical standards.[18]  A prisoner's disagreement over doctor's judgment or course of treatment does not state a claim under §1983.[19]  Therefore, two medical doctors may not agree with the proper treatment required.  This disagreement standing alone does not make either doctor deliberately indifferent.

**Defendant further requests the following additional instruction to which the plaintiff objects because there is no negligence claim in this case.  Further, if this instruction were otherwise to be given, plaintiff objects to any instruction suggesting that the defendant must have acted sadistically or maliciously or for the purpose of causing harm as a material misstatement of the law.**

---

[17]      Tomarkin v. Ward, 534   F.Supp.  1224, 1230 (S.D.N.Y. 1982).   See Grimes v. Chernovetz, Civ. No. B-90-436 (WWE), 1991 U.S. Dist. LEXIS 14798 (D.Conn. 1991).

[18]      McCloud v. Delaney, 677 F.Supp. 230, 232 (S.D.N.Y. 1988). See also, United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 866 (2d Cir. 1970).

[19]      See Wells v. Franzen, 777 F.2d 1258, 1264 (7th Cir. 1985)(treatment of a prisoner's medical condition "generally defeats a claim of deliberate indifference").  Perez v. Hawk, 302 F.Supp.2d 9, 21 (E.D.N.Y. 2004).

71304304.2 099998-93310
September 15, 2005 1:08 PM

7.    An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.  Again, you may not find for the plaintiff against the defendant if you find that the defendant's actions were merely negligent.  I emphasize:  the defendant must have been more than negligent in order for you to find him liable.  Dr. Immordino must have acted sadistically and maliciously for the very purpose of causing harm to the plaintiff or he must have acted with the requisite culpable intention of causing the plaintiff pain.[20]

## Proximate Cause

8.    The plaintiff must prove the defendant's acts were a proximate cause of the injuries sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendant and any injury or damage allegedly sustained by the plaintiff.   An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's acts or omissions.  If an injury was a direct result or a reasonably probable consequence of the defendant's acts or omissions, it was proximately caused by such act or omission.  In other words, if the defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

9.    In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant.  If

---

[20]    Authority:  Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-78.

17

you find that the plaintiff is complaining about an injury which would have occurred even in the absence of the defendant's conduct, you must find the defendant did not proximately cause plaintiff's injury. In this case, the asserted injury concerns the pain allegedly suffered by Mr. Bob while incarcerated, not the underlying injury he sustained before incarceration.

10.    A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

11.    The defendant is not liable if plaintiff's pain was caused by a new or independent source of an injury which intervenes between the defendant's acts or omissions and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant. Nor would the defendant be liable if the plaintiff caused his own pain entirely through his behavior or actions.

12.    If you find that the plaintiff suffered some injury or pain but that his injury or pain was solely the result of his own behavior or some other intervening factor, then the defendant would not be liable for his injury.[21]

## Damages

13.    Because the plaintiff is making a claim for money damages in this case, I will discuss the law of damages with you. You should not take this discussion to suggest that the defendant is, in

---

[21]    Authority:  Modern Federal Jury Instructions, ¶ 87.08, Instruction, 87-79; Graham v. Western Line Consolidated School District, 439 U.S. 410, 99 S. Ct. 693 (1979); Mt. Healthy City School District Board of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568 (1977).

[23]    42 U.S.C. § 1997e.

18

fact, liable. That is for you to decide. You should consider the question of damages only if you first determine that the defendant is liable.

14.    I give you these instructions on the law of damages so that, in the event you come to the conclusion that the plaintiff is entitled to recover, you will have sufficient guidance in arriving at a proper verdict.

15.    The burden is on the plaintiff to prove his damages by a fair preponderance of the evidence.

16.    Plaintiff may not recover for emotional or mental distress alone. Plaintiff may only recover for emotional and mental distress if he first establishes that he suffered a physical injury as a result of defendants' actions.[23] I instruct you, however, that physical pain, whether or not accompanied by a permanent injury, is a physical injury.[24]

17.    **Defendant proposes the following instruction, to which the plaintiff objects as redundant and addressed above with respect to liability.** When monetary damages are sought in a lawsuit brought under Title 42, Section 1983 of the United States Code, such as in this case, the burden is on the plaintiff to prove that Dr. Immordino, against whom money damages are sought, was personally involved in or responsible for the alleged violation of the plaintiff's constitutional rights.[25]

18.    **Defendant proposes the following instruction to which the plaintiff objects as irrelevant and an effort to obtain sympathy; it is unfairly prejudicial to the plaintiff.** You should keep in mind that although the defendant is employed by the State of Connecticut, he is

---

[24]    Kerman v. City of N.Y., 374 F.3d 93, 123 (2d Cir. 2004).

[25]    Johnson v. Glick, 481 F.2d 1083.

19

being sued in his individual capacity and, hence, is personally exposed to payment of any damages which you award in his individual capacity.

19.     The plaintiff claims compensatory damages in this case; that is, a sum of money to compensate the plaintiff for the denial of his federal constitutional rights.  The law does not recognize an inherent or abstract monetary value of a constitutional right; therefore, I instruct you that no compensatory damages may be awarded for a violation of a constitutional right absent proof of actual physical injury or loss.[26]

20.     In estimating damages in this case, you are not at liberty to guess or infer what the damages are.  You must use your best judgment, remembering always that it is incumbent upon the plaintiff to prove, by a fair preponderance of the evidence, the amount of the damages to which he is entitled.  It must be fairly proved that the verdict is one which in your sound judgment represents the damages to which he is entitled under the rule applicable in the situation.

21.     The rule for measuring compensatory damages may be briefly summarized as follows: The plaintiff is to get fair and just compensation for the injuries which he has suffered.  It is for you, in the exercise of your best judgment, to say what is fair and just compensation to him insofar as money will compensate for the injury which he has suffered.  There is no fixed rule which you can apply.  You have to apply sound, common sense in reaching the amount of your

---

[26]     Authority:  Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S. Ct. 248 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert. denied 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.S. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979).

71304304.2 099998-93310
September 15, 2005 1:08 PM

verdict. Of course, in considering that, you are bound by the allegations of the pleadings, and also you must disregard any suffering which has come to him solely from other causes.[27]

### Special Verdict With Interrogatories

22.     I have prepared a verdict form for you to use in recording your decisions which contains interrogatories, or written questions about the issues in this case. These questions are to be answered "yes" or "no," except where the form calls for you to fill in a blank. You should answer every question on this form "except where the form indicates otherwise."

23.     Your verdict must be unanimous and must reflect the conscientious judgment of each juror.

24.     The parties respectfully request leave to supplement this request for jury instructions after the evidence has been presented and prior to the charging conference.


**XIII.      Anticipated Evidentiary Problems**

See Defendant's Memorandum dated April 4, 2005.

For plaintiff, plaintiff understands the defendant does not intend to raise his citizenship, but respectfully reserves the right to raise this issue in limine should that intention change.

**XIV.      Proposed Findings / Conclusions of Law**

Not applicable, jury case.

**XV.      Trial Time**

2-3 days.

**XVI.      Further Proceedings**

---

[27]     See, Wright, Conn. Jury Instructions, Sec. 226a.

21

None.

**XVII.**     **Trial By Magistrate**

Consent given.

**XVIII.**     **Verdict Form**

The parties propose different verdict forms.  See attached.

**XIX.**     **Certification**

Undersigned counsel certify that this document is the product of consultation among counsel who will try the case.

PLAINTIFF
Nata S. Bob

BY: _Janett B. Tropp_____

Michael G. Considine (ct16023)
mgconsidine@dbh.com
Jonathan B. Tropp (ct11295)
jbtropp@dbh.com
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT  06901
(203) 977-7300
Fax: (203) 977-7301
His Attorneys

22

DEFENDANT
Dr. Peter Immordino


RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____
    Michael J. Lanoue (ct05195)
    Assistant Attorney General
    E-Mail: michael.lanoue@po.state.ct.us
    Neil Parille (ct15278)
    Assistant Attorney General
    E-Mail: neil.parille@po.state.ct.us
    110 Sherman Street
    Hartford, CT  06105
    Tel: (860) 808-5450
    Fax: (860) 808-5591

71304304.2 099998-93310
September 15, 2005 1:08 PM

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

NATA BOB                       :    CIVIL NO. 3:02CV1785 (DFM)

       v.                         :

PETER IMMORDINO            :

## DEFENDANT'S PROPOSED VERDICT FORM

We, the jury, unanimously find the following:

### Part I, Liability

1.     Did the plaintiff prove by a preponderance of the evidence that the defendant violated plaintiff's Eighth Amendment right to be free from being subjected to pain by not requesting that Celebrex be provided to him solely because of its cost?

_____ Yes           _____ No

### If No, Go to Question 3.

2.     Did the plaintiff prove **both** (a) that he had a serious medical need, and (b) that the defendant was deliberately indifferent to that serious medical need?

_____ Yes          _____ No

3.     If your answers to question 1 or question 2 were NO, then you have completed your deliberations. Have the foreperson sign and date the form and notify the Clerk that you have a verdict.

4.     If you answered yes to either question 1 or 2 above, did the defendant prove by a preponderance of evidence he reasonably believed to be acting in an objectively lawful manner and not in violation of any clearly established rights of plaintiff?

_____ Yes          _____ No

24

If you answered yes to question 4, then you have completed your deliberations. You should have the foreperson sign and date the form and report to the clerk. Only if you answered yes to questions 1 or 2, and no as to question 4, then go to Part II now. Otherwise, SIGN, DATE and report your verdict.

**Part II.**     **Damages**

5.     Did the plaintiff suffer actual damages proximately caused by the violation of his constitutional rights?          Yes _____          No _____

6.     If you find that the plaintiff failed to prove actual damages from a constitutional violation and you answered "NO" to question 5, do you find an award of one dollar in nominal damages appropriate?

          Yes _____          No _____

7.     If plaintiff proved by a preponderance of the evidence that he is entitled to compensatory damages, what amount is fair and reasonable?

**AMOUNT OF DAMAGES**          _____

When you have finished answering the appropriate questions on this form, you may report your verdict.

The form should be signed and dated by the foreperson.

_____          _____
          Foreperson                              Date

71304304.2 099998-93310
September 15, 2005 1:08 PM

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

NATA BOB                              :    CIVIL NO. 3:02CV1785 (DFM)

V.                                    :

PETER IMMORDINO                       :

### PLAINTIFF'S PROPOSED VERDICT FORM

We, the jury, unanimously find the following:

### Part I, Liability

1.    Do you find by a preponderance of the evidence that the defendant was deliberately indifferent to plaintiff's serious medical needs?

_____    Yes    _____    No

### Part II.    Damages

**If you have answered "No" to Question 1, you have finished answering questions on this form and may report your verdict. If you have answered "Yes" to Question 1, proceed to consider Question 2.**

2.    Did the plaintiff suffer actual damage proximately caused by the defendant's violation of his constitutional rights?    Yes _____    No _____

**If you have answered "No" to Question 2, you have finished answering questions on this form and may report your verdict. If you have answered "Yes" to Question 2, proceed to consider Question 3.**

3.    What amount of damages do you find is fair and reasonable to compensate plaintiff for his injuries?

### AMOUNT OF DAMAGES    _____

26

When you have finished answering the appropriate questions on this form, please report your verdict.

The form should be signed and dated by the foreperson.

_____          _____
          Foreperson                                Date

71304304.2 099998-93310
September 15, 2005 1:08 PM